[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 18, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15279
Non-Argument Calendar

_____

D. C. Docket No. 04-00033-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO JUAREZ-CORONA,
a.k.a. Juan Antonio Juarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 18, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Juan Antonio Juarez-Corona appeals his 77-month sentence for pleading

guilty to reentering the United States unlawfully after being deported following his conviction for felony possession or purchase of cocaine with the intent to distribute. Because the district court properly enhanced Juarez-Corona's sentence based on his previous drug trafficking offense, and the district court did not commit reversible error under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), we affirm Juarez-Corona's conviction and sentence.

## I. BACKGROUND

Juarez-Corona is a native of Mexico who has lived illegally in the United States from his early childhood. In 1993, Juarez-Corona was convicted of violating California Health and Safety Code section 11351, which criminalizes the "possess[ion] for sale or purchase[] for purposes of sale" of controlled substances. The controlled substance in Juarez-Corona's case was cocaine. Juarez-Corona was sentenced to two years in prison, and he was deported to Mexico. Juarez-Corona illegally returned to the United States.

In 2004, agents of the Bureau of Immigration and Customs Enforcement arrested Juarez-Corona in Hillsborough County, Florida. He was charged with reentering the country illegally after being convicted of a previous felony offense, in violation of 8 U.S.C. section 1326(a). Juarez-Corona pleaded guilty to that charge. The district court set Juarez-Corona's base offense level at eight. The

district court then increased his offense level because, under section 2L1.2(b) of the Sentencing Guidelines, he had been convicted previously of a felony drug trafficking offense and was sentenced to more than 13 months' imprisonment for that offense. The district court based that enhancement on Juarez-Corona's 1993 drug conviction. The district court subtracted three levels because Juarez-Corona accepted responsibility for his crime. Juarez-Corona had a criminal history category of VI, so the applicable sentencing range was between 77 and 96 months.

At his sentencing hearing, Juarez-Corona objected to the designation of his previous drug conviction as a "drug trafficking offense for which the sentence imposed exceeded 13 months," under section 2L1.2(b)(1)(A)(i) of the Guidelines. The district court examined the indictment, plea agreement, transcript of the plea hearing, and the judgment imposed by the California state court, and overruled Juarez-Corona's objection. The district court sentenced Juarez-Corona to 77 months' imprisonment and 3 years' supervised release.

## II. DISCUSSION

Juarez-Corona makes three arguments on appeal. First, he contends that the district court improperly increased his offense level, because his previous drug conviction in California was not a "drug trafficking offense" within the meaning of section 2L1.2(b)(1)(A). Second, he argues that the district court committed

statutory error under Booker when it sentenced him under a mandatory guideline regime. Finally, Juarez-Corona argues that the district court committed constitutional error under Booker when it based his sentence on a previous conviction that was neither admitted by him, nor found by a jury.

We begin with Juarez-Corona's argument that his sentence was improperly enhanced, and we review the application of section 2L1.2(b)(1)(A) de novo. United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005). Juarez-Corona's argument that his previous conviction in California does not qualify as a drug trafficking offense, because the district court could not determine whether Juarez-Corona was convicted for purchase or possession of cocaine, fails. Although a district court "considering the application of a sentencing enhancement on the basis of a defendant's recidivism is generally required to consider only the fact of conviction and the statutory definition of the prior offense," "[a] court may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or statute whether the prior conviction satisfies the enhancement statute." United States v. Breitweiser, 357 F.3d 1249, 1254-55 (11th Cir. 2004) (internal quotation marks omitted); see also Shepard v. United States, ___ U.S. ___, 125 S. Ct. 1254, 1263 (2005). The district court was required to perform this task regarding Juarez-Corona's previous conviction in California,

4

because, as was the case in Breitweiser, "the statutory language of the prior conviction encompasses some offenses that would satisfy the enhancement statute and others that would not." 357 F.3d at 1254-55 (internal quotation marks and alterations omitted).

The district court correctly examined "easily produced and evaluated court documents" and determined that Juarez-Corona's previous conviction qualified for the sentence enhancement. Id. Records of the previous conviction showed that Juarez-Corona pleaded guilty to a crime that certainly meets the standard of "an offense under . . . state . . . law that prohibits the . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense" that controlled substance. Sentencing Guidelines § 2L1.2, cmt. (n.1(B)(iv)). The district court then correctly applied the sentence enhancement based on Juarez-Corona's previous drug trafficking offense.

We next turn to Juarez-Corona's two Booker arguments. Because Juarez-Corona did not preserve his Booker objection in the district court, our review is limited to plain error. United States v. Dowling, 403 F.3d 1242, 1245-47 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may

5

then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1247 (internal citations and quotation marks omitted).

Juarez-Corona's argument regarding statutory error under Booker fails. Although the district court erred when it sentenced Juarez-Corona under a mandatory Guidelines system, and after Booker, that error is plain, United States v. Rodriguez, 398 F.3d 1291, 1298-99 (11th Cir. 2005), Juarez-Corona cannot establish that the error affected his substantial rights. The district court never even suggested that Juarez-Corona's sentence, which was at the low end of the sentencing range, would have been different under advisory guidelines. Id. at 1301; United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005).

Juarez-Corona's argument regarding constitutional error under Booker, that the district court erred when it enhanced his sentence based on a previous conviction that was neither admitted by him nor found by a jury, also fails. As the Court explained in Booker, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at ___, 125 S. Ct. at 756 (emphasis added). "Post-Booker, this Court has reaffirmed that there is no Sixth

6

Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A)." United States v. Gallegos-Aguero, ___ F.3d ___, No. 04-14242, slip op. at 3 (11th Cir. May 18, 2005).

## III. CONCLUSION

Each of Juarez-Corona's three arguments fails. First, the district court did not err when it enhanced Juarez-Corona's sentence, under section 2L1.2(b)(1)(A), after the court determined that his previous conviction in California was for a drug trafficking offense. Second, although the district court erred when it sentenced Juarez-Corona under a mandatory guideline system, Juarez-Corona cannot establish that the error "affected his substantial rights." Dowling, 403 F.3d at 1247. Third, the district court did not commit constitutional error under Booker when it enhanced Juarez-Corona's sentence based on his previous conviction.

**AFFIRMED.**