[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2003
THOMAS K. KAHN
CLERK

No. 02-13461

D.C. Docket No. 02-60026-CR-DTKH

UNITED STATES OF AMERICA,

Respondent-Appellee,

versus

LESZEK KRAWCZAK,

Petitioner-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(June 2, 2003)**

Before BIRCH, CARNES and HUG[*], Circuit Judges.

HUG, Circuit Judge:

Leszek Krawczak ("Krawczak") appeals a 16-level sentencing enhancement

applied to his conviction for attempted reentry of a deported alien subsequent to a

---

[*] Honorable Procter Hug, Jr., United States Circuit Judge for the Ninth Circuit, sitting by designation.

felony conviction.  The district court enhanced his sentence pursuant to the United States Sentencing Guidelines because it determined Krawczak had a prior conviction for an alien smuggling offense committed for profit.  The district court concluded the prior conviction was ambiguous as to whether the offense was committed for profit.  Consequently, the district court examined the facts underlying the conviction to determine that the offense was committed for profit.

The issue before us is whether the court was justified in going beyond the conviction of the prior statutory offense to examine the facts underlying the conviction and thus determine that the prior offense was committed for profit.

## I

In 1994, Krawczak pled guilty to one count of an eight count indictment for aiding and abetting the transportation of illegal aliens within the United States in violation of the 1993 version of 8 U.S.C. § 1324(a)(1)(B).

The 1993 version of the statute provided in relevant part that any person who:

(B) knowing or in reckless disregard of the fact than an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in

furtherance of such violation of law . . . shall be fined in accordance with Title 18, or imprisoned not more than five years, or both, for each alien in respect to whom any violation of this paragraph occurs.

8 U.S.C. § 1324(a)(1)(B) (1993).

The 1994 presentence investigation report ("PSI") assigned Krawczak a base offense level of 9. The 1993 Guidelines Manual applicable to this case provided in § 2L1.1(b)(1) that if the offense had been committed "other than for profit," three levels should be deducted. Application Note 1 to § 2L1.1 stated that "for profit" meant for financial gain or commercial advantage. Krawczak did not receive a 3-level deduction from his offense level. After receiving a 2-level deduction for acceptance of responsibility, Krawczak's total offense level was 7 with a criminal history category of I. His guidelines sentencing range was 0-6 months. Had three levels been deducted from Krawczak's offense, his range would have been the same 0-6 months. Krawczak did not object, and had no incentive to object, to the denial of the 3-level "other than for profit" deduction. He was placed on one year unsupervised probation and fined $500.

In 2002, Krawczak pled guilty to attempted reentry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Krawczak was arrested after being referred to the United States Immigration Service for secondary questioning when he arrived at Fort Lauderdale International Airport and applied for admission to the United States as a non-immigrant visitor for pleasure. The probation officer determined that Krawczak's base offense level should be enhanced 16-levels under U.S.S.G. § 2L1.2(b)(1)(A)(vii) because his past conviction for an alien smuggling offense was committed for profit, referring to his 1994 conviction of 8 U.S.C. § 1324(a)(1)(B). Krawczak objected, claiming that he did not commit this prior offense for profit.

At his sentencing hearing, Krawczak reiterated his objection to the 16-level enhancement. If the prior offense was not committed for profit, Krawczak should have received only an 8-level enhancement for a deportation following an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The government attempted to call a witness to testify to the underlying facts of the 1994 conviction. Krawczak objected, claiming that under Taylor v. United States, 495 U.S. 575 (1990) and United States v. Spell, 44 F.3d 936 (11th Cir. 1995), the court was not allowed to engage in fact-finding concerning the prior conviction but instead was limited to an examination of the elements of the offense, the indictment, and the judgment and commitment order.

The district court overruled Krawczak's objection and allowed the government to present case-specific documents. The government introduced the 1993 indictment, the 1994 judgment and commitment order, and the 2002 version of 8 U.S.C. § 1324, stating that it could not locate the 1993 version of the statute. Counsel for Krawczak likewise did not have a copy of the 1993 version to present to the district court. The court questioned the parties as to whether they thought the 1993 statute was broad enough to encompass both for profit and not for profit conduct. The government could not remember well enough to answer, and defense counsel stated that different parts of the statute covered different kinds of conduct. Based on the 2002 language, the court decided that the 1993 version was ambiguous and that case-specific documents could be presented. The court admitted the 1994 PSI over the objection of Krawczak. The court suggested that the record be augmented to include the 1993 version of the statute.

The 1994 PSI indicated Krawczak's base offense level for the conviction was 9. The government contended that if the offense was not committed for profit, the 1993 guidelines, which the government did have available at this sentencing, allowed for a 3-level reduction in the base offense level and Krawczak did not receive this 3-level reduction. The government also asserted, apparently in reliance of the 2002 statute, that because Krawczak was subject to a sentence of

5

ten years, he must have been sentenced to a for profit offense. Krawczak responded that the failure to receive the 3-level reduction from his base level did not mean that he committed the crime for profit because he faced the same sentence whether or not he received the 3-level reduction. He added that nowhere in the indictment or judgment did it say that the offense was committed for profit. The government responded that the 1994 PSI stated that Krawczak promised to pay another $300 per person for transporting aliens. Krawczak contended that he was going to pay someone else but was not going to receive money himself for the offense.

The court stated that this promise was sufficient to establish profit motive. The court then commented:

> I want to tell you, candidly, I feel uncomfortable and I would feel uncomfortable predicating a decision simply on the fact that the PSR shows an offense level of 9, even though we all agree the offense level of 9 would be predicated on a for profit situation. I am equally uncomfortable, although I think it is confirmatory, when the presentence investigation report reflects the potential maximum of ten years when it's ten years for profit and five years without.
>
> But I think what resolves, whatever ambiguity is there is the factual statement in the record in the presentence investigation report, and this presentence investigation report specifies what is obviously a significant aspect of the crime, and that is that money was going to be obtained.

The court then overruled Krawczak's objection and found that the 1994

conviction was an offense committed for profit, and therefore, the 16-level enhancement under § 2L1.2(b)(1)(A)(vii) was appropriate. The district court sentenced Krawczak to 37 months' imprisonment and 2 years' supervised release.

## II

Krawczak argues there is nothing ambiguous about the 1993 version of 8 U.S.C. § 1324(a)(1)(B). No subsection of § 1324(a)(1) punished conduct for profit. He was subject to a sentence of ten years' imprisonment not because he transported aliens for profit (as the 2002 statute provides), but because he helped transport two people, receiving a sentence of five years for each (as the 1993 statute provides). A different subsection of the 1993 statute, 8 U.S.C. § 1324(a)(2)(B)(ii) prohibits bringing or attempting to bring an alien to the United States for the purpose of commercial advantage or private financial gain. He was not charged with nor did he plead guilty to violating § 1324(a)(2)(B)(ii), the for profit subsection. Krawczak also maintains that the 1994 PSI is unreliable because even though he did not receive the 3-level reduction for not for profit conduct, his base offense level and sentence would not have changed.

The government replies that Krawczak's 1994 judgment was ambiguous with respect to the facts underlying the conviction, and this ambiguity had to be resolved to determine whether or not the 16-level enhancement should apply. It

7

also notes that Krawczak did not contest the factual findings contained within the 1994 PSI during the 1994 sentencing. Krawczak had, of course, objected to the admission of the entire PSI.

This Court reviews de novo the district court's interpretation of criminal statutes and sentencing guidelines. United States v. Padilla-Reyes, 247 F.3d 1158, 1159 (11th Cir. 2001).

### III

The issue on appeal is a narrow one. We must decide whether the district court properly determined that the 1993 statute and 1994 judgment were ambiguous in order to justify examining the 1994 presentence report for facts to inform the court whether the 16-level guidelines enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii) should apply.

The Supreme Court has stated that a sentencing court applying a statutory enhancement is generally required to consider only the fact of conviction and the statutory definition of the prior offense. Taylor, 495 U.S. at 602. A court could depart from this categorical approach to consider other evidence concerning a defendant's prior crimes "in a narrow range of cases where a jury was actually required to find all elements" of a required crime. Id. One rationale in favor of this categorical approach is the practical difficulties a sentencing court would face

engaging in an elaborate, historical fact-finding process, as well as the potential unfairness to a defendant. Id. at 601-02.

This Circuit has discussed Taylor's categorical approach to statutory enhancements in the context of sentencing enhancements under the United States Sentencing Guidelines. Spell, 44 F.3d at 939. In Spell, this court noted that while the Sentencing Guidelines' commentary rejects Taylor's categorical approach, the principle against holding mini-trials on a defendant's prior convictions counsel against looking beyond the fact of conviction. Id. Consequently, in applying Sentencing Guidelines enhancements, the ability to look behind a state conviction in federal sentencing is "very limited." It is limited to instances where the judgment of conviction and the statute are ambiguous. Id. If no ambiguities exist, the Sentencing Guidelines prohibit a court from reviewing the underlying facts of a conviction to determine whether guidelines enhancement should apply. United States v. Gay, 251 F.3d 950, 952 (11th Cir. 2001).

In Spell, the ambiguity of the conviction and the statute under which Spell was prosecuted required the sentencing court to look behind the judgment of conviction. 44 F.3d at 939. The judgment of conviction entered into through a plea agreement stated the offense as a "burglary of a structure," yet the statute under which he was convicted encompassed three different burglary scenarios, all

9

of which could be a burglary of a structure.[1]  Id. at 939-40.  The sentencing court

could not determine from the conviction and statute whether Spell burglarized a

dwelling, which would subject him to a guidelines enhancement, or unaggravated

burglary of a structure, which would not.

The statute under which Krawczak was convicted differs from the Florida

burglary statute at issue in Spell.  Unlike Spell, the 1993 version of §

1324(a)(1)(B) does not encompass multiple degrees of offenses.  Its statutory

elements do not differentiate between offenses committed for profit, and those

---

[1] Fla. Stat. § 810.02 Burglary (1994).

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person.

(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.

(3) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

10

committed not for profit. Moreover, no subsection of the 1993 version of §
1324(a)(1) addressed smuggling either for profit or not for profit. No subsection
of § 1324(a)(1) punished actions done for profit more severely than those done not
for profit. Section 1324(a)(2)(B)(ii), on the other hand, did prohibit a person from
bringing or attempting to bring to the United States any alien for the purpose of
commercial advantage or private financial gain. Krawczak was not indicted for,
nor pled guilty to, violating § 1324(a)(2)(B)(ii). His plea of guilty was to violating
§ 1324(a)(1)(B).

Additionally, unlike Spell, the district court was not faced with a broad
judgment of conviction similar to Spell's burglary of a structure. 44 F.3d at 939-
40. No ambiguity exists over which subsection of § 1324 Krawczak was
convicted in 1994.

We conclude that the district court erred in its determination that the 1993
statute was ambiguous. Foremost, the district court erroneously relied upon the
2002 version of § 1324(a)(1)(B) rather than the 1993 version under which
Krawczak was convicted. We also hold that, under de novo review, the 1993
version of the statute is not ambiguous. The statutory elements of § 1324(a)(1)(B)
do not differentiate between offenses committed for profit, and those committed
not for profit. Because the 1993 statute and 1994 conviction are not ambiguous,

11

the district court should not have considered the 1994 PSI or otherwise engaged in reviewing the underlying facts of the conviction to determine whether the offense was committed for profit. Gay, 251 F.3d at 952. The district court may only enhance the sentence 8-levels for a deportation following an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

We VACATE the district court's sentence and REMAND for resentencing consistent with this opinion.