[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2005
THOMAS K. KAHN
CLERK

No. 04-14318
Non-Argument Calendar

_____

D.C. Docket No. 03-00131-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MARTINEZ-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2005)

Before TJOFLAT, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Carlos Martinez-Ramirez appeals his 77-month sentence for illegal reentry

into the United States by an alien previously deported as an aggravated felon,

8 U.S.C. § 1326(a), (b)(2). He contends that the district court erred by penalizing him beyond the prescribed guideline range, and by sentencing him under an unconstitutional, mandatory Sentencing Guidelines system, in violation of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). We find that the district court erred by sentencing Martinez-Ramirez under a mandatory guidelines system, and that the error was not harmless. Thus, we vacate Martinez-Ramirez's sentence and remand for re-sentencing.

On appeal, Martinez-Ramirez argues that the district court erred when it made an enhancement to his sentence based on a prior conviction for burglary of a dwelling because a different felony was mentioned in the indictment and triggered the sentencing provisions in 8 U.S.C. § 1326(b)(2). Martinez-Ramirez failed to raise this issue in the district court, and therefore, we review it for plain error. United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770 1776 (1993). To prevail under the plain error standard, the appellant must prove: (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 732-36, 113 S. Ct. at 1777-79.

Subsection (b)(2) of § 1326 increases the penalty from "not more than two years" to "not more than 20 years" for illegal reentry if the person was previously

removed subsequent to a conviction for a commission of an "aggravated" felony. Martinez-Ramirez had been previously removed subsequent to a conviction twice, once after a burglary of a dwelling, and again after the attempted sale of a controlled substance. Martinez-Ramirez concedes that both constitute "aggravated" felonies for the purpose of § 1326(b)(2), but argues that the attempted sale should have been used to calculate his sentence enhancement because it was the only felony mentioned in the indictment.

The Sentencing Guidelines indicate that violators of § 1326 should be sentenced pursuant to U.S.S.G. §2L1.2. This guideline provides a graduated sentencing enhancement between 8 and 16 levels, depending on the seriousness of the prior aggravated felony. Using Martinez-Ramirez's controlled substance conviction, the guideline indicates his sentence should be enhanced by 12 levels. Using his prior burglary of a dwelling conviction, the guideline indicates that his sentence should be enhanced by 16 levels. The sentencing judge used his burglary conviction and enhanced 16 levels. This certainly does not constitute plain error. In Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), the Supreme Court held that the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence under § 1326.

3

Therefore, we see no reason why the mention of one conviction in the indictment should preclude a sentencing judge from using a different conviction to enhance the defendant's sentence. Martinez-Ramirez points to no contrary authority that would support his argument that the sentencing judge committed error, plain or otherwise, by using his prior burglary conviction to calculate the appropriate guidelines range.[1]

In the district court and now on appeal, Martinez-Ramirez argues that the district court erred by enhancing his sentence based on his prior conviction for burglary because it was neither admitted by him nor found by a jury. Furthermore, Martinez-Ramirez argues that the district court erred when it sentenced him using a mandatory guidelines system, in violation of Booker.

We have stated that there could be two Booker errors: (1) a Sixth Amendment error – the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error – the error of being sentenced under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). In the case at bar, the district court did not violate Martinez-Ramirez's

---

[1]    Martinez-Ramirez's citation to United States v. Krawczak, 331 F.3d 1302 (11th Cir. 2003), is inapposite because the sentenc
ing judge here did not examine the facts involved in the underlying conviction in this case.

Sixth Amendment rights under <u>Booker</u> when it enhanced his sentence based on his prior conviction. We have stated that there is no Sixth Amendment error under <u>Booker</u> when a district court enhances a defendant's sentence based on a prior conviction. <u>Shelton</u>, 400 F.3d at 1329. However, there is a statutory <u>Booker</u> error because the district court sentenced Martinez-Ramirez using a mandatory guidelines system.

A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence or had but very slight effect. <u>United States v. Mathenia</u>, __F.3d.__, 2005 WL 1201455, at *2 (11th Cir. 2005). We have stated:

> The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review. The reason for that parity of difficulty is that the standard is the same in those two situations; the difference is the party that has the burden.

<u>Id.</u> (internal citations and quotations omitted).

We cannot conclude that the error in this case was harmless. Martinez-Ramirez was sentenced at the bottom of the guideline range, and the Government, which bears the burden of persuasion, offers no evidence indicating the court

5

would give Martinez-Ramirez the same or a similar sentence if applying the

Sentencing Guidelines as advisory.

Accordingly, we **VACATE** and **REMAND** for re-sentencing consistent

with <u>Booker</u>.