**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-14865**
**Non-Argument Calendar**

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-20107-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GUSTAVO ANDINO,

Defendant-Appellant.

----------------------------------------------------------------

**Appeal from the United States District Court**
**for the Southern District of Florida**

----------------------------------------------------------------

**(September 6, 2005)**

**Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.**

**PER CURIAM:**

Luis Gustavo Andino appeals his 70-month sentence, imposed after he pled guilty to illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Reversible error exists under United States v. Booker, 125 S.Ct. 738 (2005); we vacate Andino's sentence and remand for resentencing consistent with Booker.

We initially address Andino's argument that the district court erred in applying a 16-level enhancement for being deported after a felony conviction of a "crime of violence", pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior Florida state conviction for robbery. Andino contends that a conflict exists between the definitions of a "crime of violence" under § 2L1.2(b)(1)(A)(ii) and under the immigration statutes: he claims that the statutory definition controls.

We review de novo a district court's interpretation of criminal statutes and sentencing guidelines. United States v. Krawczak, 331 F.3d 1302, 1305 (11th Cir. 2003).

We conclude that the district court properly applied the enhancement under § 2L1.2(b)(1)(A)(ii). This guideline requires a 16-level enhancement if the

defendant previously was deported after a conviction for a felony that is a "crime of violence." See U.S.S.G. § 2L1.2(b)(1)(A)(ii). Under Florida law, robbery is a second degree felony punishable by up to 15 years' imprisonment. See Fla. Stat. Ann. §§ 812.13(2)(c), 775.082(3)(c). Thus, under the guidelines and the accompanying commentary, Andino's conviction for robbery qualifies as a felony "crime of violence" that triggers the 16-level enhancement. See U.S.S.G. § 2L1.2, comments. (n.1(B)(iii) and 2).

And we reject Andino's claim about the conflict between the guidelines and the immigration statutes. The immigration statutes provide a base maximum two-year prison sentence for illegal reentry of a deported alien. 8 U.S.C. § 1326(a). But § 1326(b)(1) allows a maximum ten-year sentence if the deportation was subsequent to a conviction for three or more misdemeanors involving drugs, crimes against the person, or a felony (other than an aggravated felony). And § 1326(b)(2) allows a maximum twenty-year sentence if the deportation was subsequent to a conviction for an "aggravated felony." An "aggravated felony" includes a "crime of violence" for which the term of imprisonment actually imposed is at least one year. See 8 U.S.C. § 1101(a)(43)(F); United States v. Guzman-Bera, 216 F.3d 1019, 1020 (11th Cir. 2000).

3

No one disputes that a robbery is a crime of violence. See 18 U.S.C. § 16. But Andino was sentenced only to 364 days' imprisonment for the Florida robbery. Because his actual sentence was less than one year, he contends that his robbery conviction does not qualify as an "aggravated felony" under § 1326(b)(2) that would expose him to the maximum 20-year sentence. To the extent that the district court adopted the statement in the presentence investigation report (PSI) that Andino was subject to a 20-year maximum sentence under § 1326(b)(2), an error occurred.

But it is an error that does not mean much. Andino argues that the guideline definition for a "crime of violence", which includes any robbery, regardless of the sentence actually imposed, conflicts with the statutory definition of a "crime of violence" that qualifies as an "aggravated felony". Andino's robbery conviction -- while not a "crime of violence" that qualifies as an "aggravated felony" under the immigration statutes -- does qualify as a felony that exposes Andino to a ten-year maximum sentence under § 1326(b)(1).[1] This ten-year maximum sentence is more than Andino's guideline sentencing range of 70 to 87 months' imprisonment after

_____

[1] We also note that the PSI indicates that Andino has at least three prior misdemeanor drug convictions. These convictions also expose Andino to § 1326(b)(1)'s maximum ten-year sentence.

4

applying the 16-level enhancement.  Under these facts, we discern no conflict

between the application of 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2.[2]

Andino also argues that, under Blakely v. Washington, 124 S.Ct. 2531

(2004), the district court violated his Fifth and Sixth Amendment rights when it

enhanced his sentence based on the fact of his prior conviction, which was not

charged in the indictment, not proved to a jury beyond a reasonable doubt, and not

admitted by him.

Andino properly raised his Blakely/Booker claim in the district court.  See

United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005).  We review this

issue de novo; we will reverse unless the government shows that any error was

harmless.  See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

Andino's 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was

based solely on the fact that he had a previous conviction.  In Almendarez-Torres

v. United States, 118 S.Ct. 1219 (1998), the Supreme court stated that the

government need not allege in the indictment and need not prove beyond a

---

[2] We need not hypothesize about whether a situation could arise with the conflict Andino asserts. We are aware that the definitions of "crime of violence" under U.S.S.G. § 2L1.2 and 8 U.S.C. § 1101(a)(43)(F) differ: the latter requires that the sentence actually imposed be at least one year, and the former requires only that the conviction be punishable by a term of imprisonment in excess of one year.  But the definition of a "crime of violence" that is an "aggravated felony" under § 1101(a)(43)(F) applies to the determination of a maximum possible sentence for a violation of § 1326(a): this definition does not apply to § 2L1.2, which unambiguously defines a "crime of violence" in its commentary.

reasonable doubt that a defendant had a prior conviction for a district court to use that conviction to enhance a sentence. "This conclusion was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Thus, the district court did not violate Andino's constitutional rights by applying the § 2L1.2(b)(1)(A)(ii) enhancement based on his prior conviction. See United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005).

But the district court did commit a statutory error under Booker. See United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005) (under Booker, two types of sentencing errors exist: "one is constitutional and the other is statutory"). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31. Booker statutory errors are subject to a less demanding harmless error test that is applicable to non-constitutional errors. See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005). That standard requires us to determine whether the error either did not affect the sentence or only had a slight effect. Id.

Here, the government has failed to demonstrate that the district court's statutory error of applying the guidelines in a mandatory fashion did not have an

6

affect on the sentence Andino received. In rejecting Andino's <u>Blakely</u> claim, the district court stated "we don't need to deal with [the <u>Blakely</u> objection] anymore since it's simply overruled by the Eleventh Circuit's decision."[3] The district court made no statement that it would have imposed an identical sentence if it had been proceeding under an advisory guidelines system. The court merely sentenced Andino at the low end of the guideline range without commenting on whether the guidelines sentence was appropriate under the circumstances.

In sum, although the district court properly applied the 16-level enhancement under § 2L1.2(b)(1)(A)(ii), Andino must be resentenced under the advisory guidelines system in accordance with <u>Booker</u>.

**VACATED and REMANDED.**

---

[3] Just before Andino was sentenced and before the Supreme Court decided <u>Booker</u>, we declined to apply the principles set out in <u>Blakely</u> to the sentencing guidelines. <u>United States v. Reese</u>, 382 F.3d 1308 (11th Cir. 2004), <u>vacated,</u> 125 S.Ct. 1089 (2005).

7