[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 21, 2009
THOMAS K. KAHN
CLERK

No. 09-11169
Non-Argument Calendar

_____

D. C. Docket No. 08-60293-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVARIS CORNELIUS EDGECOMB,
a.k.a. Fle,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2009)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kevaris Cornelius Edgecomb, through counsel, appeals his 181-month sentence imposed for possession with intent to distribute 50 grams or more of crack cocaine, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a convicted felon. On appeal, he argues that the district court erred in imposing a consecutive five-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A) because he was otherwise subject to 21 U.S.C. § 841(b)(1)(A)'s ten-year mandatory minimum. For the reasons set forth below, we affirm.

## I.

Edgecomb was charged with possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) ("Count 1"); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). Edgecomb pled guilty to all three counts without the benefit of a plea agreement.

According to the presentence investigation report ("PSI"), on September 19, 2008, a confidential informant ("CI"), called Edgecomb and told Edgecomb that he wished to purchase four ounces of crack cocaine. Edgecomb agreed to meet the CI at an apartment complex to sell him the crack cocaine. Law enforcement officers

accompanied the CI to the apartment complex and observed Edgecomb standing at the entrance of the apartment complex. As Edgecomb approached a vehicle, officers confronted him, and he attempted to flee. While attempting to handcuff Edgecomb, officers noticed that a handgun had fallen from Edgecomb's waist area. Officers searched the car and found approximately 206 grams of crack cocaine, which Edgecomb later admitted belonged to him. Laboratory analysis revealed that the net weight of the crack cocaine was 179.8 grams.

The PSI grouped Counts 1 and 3 together, pursuant to U.S.S.G. § 3D1.2(c), and set Edgecomb's base offense level at 32, pursuant to U.S.S.G. § 2D1.1(a)(3), because his offense involved at least 150, but less than 500, grams of crack cocaine. Edgecomb received a 3-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility, resulting in a total offense level of 29. Based on his prior offenses, Edgecomb had a total of ten criminal-history points, which placed him in criminal history category V. Edgecomb's total offense level of 29, when combined with criminal history category V, yielded a guideline imprisonment range of 140 to 175 months. However, the PSI noted that Edgecomb was subject to a statutory minimum of ten years' imprisonment for the 21 U.S.C. § 841(b)(1)(A)(iii) offense (Count 1), and a statutory minimum of five years' imprisonment on the 18 U.S.C. § 924(c)(1)(A)(i) offense (Count 2). It also noted

that § 924(c)(1)(A)(i) required the five-year minimum to run consecutive to any other term of imprisonment. Edgecomb objected to the PSI's statement that the five-year statutory minimum sentence was required to run consecutive to any other sentence.

At the sentencing hearing, Edgecomb stated his objection to the probation officer's conclusion that the five-year mandatory minimum under § 924(c)(1)(A)(i) was required to run consecutive to any other sentence. He asserted that, under the plain language of § 924(c), if a defendant was otherwise subject to a greater statutory minimum, the five-year consecutive sentence did not apply. Edgecomb argued that he qualified for the exception, because he was subject to a ten-year mandatory minimum for the § 841(a)(1) offense.

The district court overruled Edgecomb's objection to the imposition of consecutive sentences. However, it determined that criminal history category V overrepresented Edgecomb's prior criminal history because he had only two prior felony convictions. The court reduced Edgecomb's criminal history category to IV, resulting in a guideline range of 121 to 151 months' imprisonment. The court then sentenced Edgecomb to 121 months' imprisonment on Count 1, 120 months' imprisonment on Count 3, to run concurrently with the sentence for Count 1, and 60 months' imprisonment on Count 2, to run consecutively with the sentences for

4

Counts 1 and 3, for a total of 181 months' imprisonment.

## II.

We review questions of statutory interpretation *de novo*. *United States v. Krawczak*, 331 F.3d 1302, 1305 (11th Cir. 2003). Section 924(c)(1)(A) of Title 18 of the United States Code states:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added). We recently held that the plain language of § 924(c)(1)(A) requires courts to impose consecutive sentences for § 924(c) offenses and underlying drug offenses. *United States v. Segarra*, 582 F.3d 1269, 1271-73 (11th Cir. 2009). Segarra, like Edgecomb, was sentenced for possession with intent to distribute 50 grams or more of crack cocaine, in violation of § 841, as well as for a violation of § 924(c). *Id.* at 1271. We noted that circuits had split on the issue, but held that the district court properly imposed both the § 841 mandatory minimum and the consecutive § 924(c) mandatory minimum. *Id.*

at 1272-73.

### III.

Based on our decision in *Segarra*, we hold that the district court committed no error in imposing the consecutive five-year mandatory minimum under § 924(c)(1)(A)(i), as well as the ten-year mandatory minimum under § 841(b)(1)(A)(iii). *See id.* Accordingly, based on our review of the record and consideration of the parties' briefs, we affirm Edgecomb's 181-month sentence.

**AFFIRMED.**