[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

No. 09-14277
Non-Argument Calendar
_____

D. C. Docket No. 03-20759-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Wilfredo Rodriguez appeals the 420-month sentence he received following

his convictions for various drug and firearm offenses.  After a thorough review, we

affirm.

I. Background

In 2004, Rodriguez was convicted of conspiracy to possess five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to violate the Hobbs Act, in violation of 18 U.S.C. § 1951(a) (Count 2); conspiracy to use or carry a firearm during and in relation to a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(o) (Count 3); attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 4); using or carrying a firearm during and in relation to a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I), (2) (Count 5); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 6). The court sentenced him to life imprisonment, and his conviction was affirmed on direct appeal. Rodriguez then filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court granted the motion, vacated the sentences, and ordered a new sentencing hearing.

At resentencing, the court determined that the advisory guidelines range was 360 months' to life imprisonment, with a mandatory 5-year consecutive sentence on Count 5 under 18 U.S.C. § 924(a). Rodriguez objected to the consecutive sentence on the ground that the other counts of conviction included a ten-year

2

mandatory minimum sentence, which trumped the mandatory sentence under § 924(a)(1)(A). Rodriguez also presented mitigating evidence for the court to consider in determining his sentence.

The district court rejected Rodriguez's argument as to the consecutive sentence and sentenced him to 360 months' imprisonment as to Counts 1 and 4, 240 months' imprisonment as to Counts 2 and 3, and 120 months' imprisonment as to Count 6, all to be served concurrently. The court imposed a consecutive sentence of 60 months' imprisonment on Count 5 to run consecutively to the other sentences imposed, for a total sentence of 420 months' imprisonment. Rodriguez now appeals, challenging the 60-month consecutive sentence and the reasonableness of his sentences.

## II. Standards of Review

We review questions of statutory interpretation *de novo*. *United States v. Krawczak*, 331 F.3d 1302, 1305 (11th Cir. 2003). We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III. Discussion

### A. Consecutive Sentence

Rodriguez argues that § 924(c)(1)(A)'s prefatory clause does not permit the

3

court to impose a minimum five-year sentence on the firearm count where there is a greater mandatory minimum sentence imposed on the other counts. Rodriguez acknowledges that we have previously considered and rejected this argument, but he wishes to preserve the argument because of a circuit split on the issue.

Section 924(c)(1)(A) states:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added). This mandatory minimum sentence must run consecutively to any other term of imprisonment imposed. *Id.* § 924(c)(1)(D)(ii).

Rodriguez's challenge to the consecutive sentence is foreclosed by our recent decision in *United States v. Segarra*, 582 F.3d 1269, 1271-73 (11th Cir. 2009) (holding that the plain language of § 924(c)(1)(A) requires courts to impose consecutive sentences for § 924(c) offenses and underlying drug offenses), *petition for cert. filed* (U.S. Jan. 8, 2010) (No. 09-8536). *See also United States v. Tate*,

4

586 F.3d 936, 946-47 (11th Cir. 2009) (relying on *Segarra*), *petition for cert. filed* (U.S. Jan. 28, 2010) (No. 09-8888).[1]

Based on our decisions in *Segarra* and *Tate*, the district court committed no error by imposing the consecutive five-year mandatory minimum sentence under § 924(c)(1)(A)(i).

### B. Reasonableness

Unreasonableness may be procedural or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if the court treated the guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to explain adequately the chosen sentence. *Gall*, 552 U.S. at 51,128 S.Ct. at 597. The substantive reasonableness of a sentence considers the totality of the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). In arriving at a substantively reasonable sentence, the district court must give consideration to the sentencing factors listed in § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The factors in 18 U.S.C. § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

---

[1] We are aware that the Supreme Court has granted *certiorari* in two cases to address the interpretation of § 924(c)(1)'s prefatory clause. But until the Supreme Court decides those cases, our interpretation remains the law of this circuit.

5

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (citing 18 U.S.C. § 3553(a)). The district court is not required to discuss each § 3553(a) factor. *Id.* Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Rita*, 551 U.S. 338, 356 (2007). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (citation omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation and quotation marks omitted).

Rodriguez's 360-month sentence, imposed on Counts 1 through 4 and 6, is at the low end of the guideline range and is both procedurally and substantively reasonable. The district court correctly determined the guideline range, treated the

6

guidelines as advisory, and considered the § 3553(a) sentencing factors and the parties' arguments. The court noted Rodriguez's lengthy criminal history and his tendency towards recidivism. Rodriguez has not shown any procedural or substantive error. Because we conclude that the sentences imposed were reasonable, Rodriguez's sentences are

**AFFIRMED.**