[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11946
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00481-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEE MUSSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2011)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Lee Musson pled guilty to all three counts of an indictment: Count

One, use of a facility of interstate commerce with intent that a murder be committed for pay, in violation of 18 U.S.C. § 1958(a); Count Two, use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and Count Three, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The district court thereafter sentenced him to imprisonment for a total of 300 months: 120 months on Count One, and consecutive terms of 240 months and 60 months on Counts Three and Two, respectively, to run concurrently with the Count One sentence.  Musson now appeals his sentences, contending that the total term of imprisonment, 300 months, is procedurally and substantively unreasonable.[1]

## I.

When reviewing the reasonableness of a sentence, we apply the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).  After the Supreme Court handed down *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we established a two-part process for district courts to use in determining sentences.

---

[1]  Musson also contends that the district court erred in imposing a consecutive sentence on Count Two under 18 U.S.C. § 924(c) because such sentence contradicts the "except" clause of that statute.  He concedes that our precedent holds otherwise, but raises the point so that he will be able to present it to the Supreme Court.

*United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the sentence range prescribed by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). *Id*.

When reviewing for procedural reasonableness, we ensure that the district court (1) properly calculated the Guidelines sentence range, (2) treated the Guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Moreover, 18 U.S.C. § 3553(c) requires the district court to state its reasons for the sentence in open court. 18 U.S.C. § 3553(c)(1). In complying with § 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). However, "[t]he appropriateness of . . . what to say, depends upon [the] circumstances." *Id.*

After we determine that the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence, again under the abuse-of-discretion standard. *Gall*, 552 U.S. at 51, 128

3

S.Ct. at 597. "[T]here is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We consider the final sentence, in its entirety, in light of the § 3553(a) factors. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). The district court is "permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.) (quotation omitted), *cert. denied*, 129 S.Ct. 2847 (2009). In arriving at a reasonable sentence, the district court shall impose a sentence that is "sufficient, but not greater than necessary," to comply with the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Other factors that the sentencing court should consider are the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Sentencing Guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwanted sentencing disparities among similarly situated defendants; and (6) the need to provide restitution to victims.

4

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

Here, we hold that the district court did not abuse its discretion in imposing a total sentence of 300 months' imprisonment, as that sentence was procedurally and substantively reasonable.

## II.

We review questions of statutory interpretation *de novo*. *United States v. Krawczak*, 331 F.3d 1302, 1305 (11th Cir. 2003). Section 924(c) of Title 18 of the United States Code provides that a minimum term of five years will be imposed upon conviction as a consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law." 18 U.S.C. § 924(c). The Supreme Court recently has interpreted the "except" language under 18 U.S.C. § 924(c) as mandating a consecutive five-year sentence upon one's conviction under that count, unless some other law covering the conduct proscribed by § 924(c) adds an even greater statutory mandatory minimum, regardless of whether the defendant also received a higher mandatory-minimum sentence for other counts unrelated to the § 924(c) conduct. *Abbott v. United States*, 562 U.S. ___, ___, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010); *accord United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009) (holding that the plain language of 18 U.S.C. § 924(c) authorizes a district court to

5

impose a consecutive sentence to any other term of imprisonment imposed under a different section), *cert. denied*, (U.S. Nov. 29, 2010) (No. 09-8536). We reject Musson's § 924(c) argument that the district court erred in imposing a consecutive sentence under Count Two because the Supreme Court has conclusively held to the contrary.

Based on a review of the parties' briefs and the record, we affirm Musson's 300-month total sentence.

AFFIRMED.