[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-11322
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-80013-CR-DTKH


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

RAYMOND SWEETENBURG,

                                        Defendant-Appellant.


----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(June 26, 2006)**


Before EDMONDSON, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.


PER CURIAM:

Defendant-Appellant Raymond Sweetenburg appeals his conviction and 262-month sentence for possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D), and his conviction and 60-month concurrent sentence for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e). No reversible error has been shown; we affirm.

Defendant argues that the district court erred by denying his motion to suppress (1) marijuana and a gun found in his car after he consented to a warrantless search, and (2) his post-arrest statements made after he waived his rights under Miranda v. Arizona, 86 S.Ct. 1602 (1966). In considering the denial of a defendant's motion to suppress, we review the district court's findings of fact for clear error and its application of law to those facts de novo. United States v. Desir, 257 F.3d 1233, 1235-36 (11th Cir. 2001). We construe all facts in the light most favorable to the prevailing party: the government. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).

About the search of Defendant's car, the general rule is that warrantless searches are per se unreasonable under the Fourth Amendment, subject only to a few exceptions. United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir. 1996) (internal citation and quotation omitted). Here, the applicable exception is a consensual search, which is constitutional if it is voluntary. Id. at 827; United

States v. Acosta, 363 F.3d 1141, 1151 (11th Cir. 2004). Voluntariness is a question of fact based on the totality of the circumstances. Acosta, 363 F.3d at 1151 (citation omitted); see United States v. Ramirez-Chillel, 289 F.3d 744, 752 (11th Cir. 2002) (listing circumstances courts examine to determine voluntariness).

Testimony at the suppression hearing showed that three Riviera Beach Police Department officers, including canine Officer Maurice Morris, arrived in two marked units at the Worldwide Grocery Store, a location known for drug activity. The officers entered the store with their badges and firearms visible. Six or seven persons were inside. In response to a general inquiry about ownership of a car in the parking lot, Defendant volunteered that the car was his. Officer Morris told Defendant that he had received information of much drug activity in the area and asked if Defendant minded if he checked the car for illegal contraband or narcotics. Defendant consented to a search of his car. Defendant escorted Officer Morris to the car, unlocked and opened one of the car doors, and allowed the officer to enter. Officer Morris opened the center console and found what he believed to be crack cocaine. Defendant was placed under arrest.

According to Officer Morris, before Defendant was read his Miranda rights and while Officer Morris was explaining to another officer that he had found

3

crack, Defendant stated that the crack was not his and that the only thing of his in the car was a blue bag. The other officer retrieved the bag, which contained several bags of what appeared to be marijuana, a handgun, and court papers.

Defendant argues that his consent to search was not voluntary because the police used deceptive practices to obtain his consent. He asserts that they "enclosed" the small grocery store where he was, that they attempted to mislead him about why they were at the grocery store, that they created a situation where he affirmatively had to object to the search, and that they did not advise him that his consent would include a search of the entire car, including closed compartments.

We reject Defendant's arguments. Defendant was free to leave the grocery store; the police procedure used was not coercive.[1] And the manner in which Officer Morris asked for consent was similar to that approved of by the Supreme Court in United States v. Drayton, 122 S.Ct. 2105, 2113-14 (2002). In addition, although the magistrate judge was concerned about the officers' candor on whether they were at the store on a general suspicion of drug activity or whether

---

[1]Later testimony at trial showed that, pursuant to standard police procedure, the other two officers stationed themselves at the entrances to the grocery store to prevent a person from running out. But Officer Morris testified that Defendant would have been free to leave. No evidence suggests that Defendant would have been stopped had he requested to leave the store.

4

they specifically were targeting Defendant,[2] no officer lied to Defendant about the subject of the search: Defendant clearly was informed that the officers were checking for drugs. Under the totality of the circumstances, Defendant's consent to search the car was voluntary. The district court did not err in refusing to suppress the results of that search.

On Defendant's challenge to the admission of his post-arrest statement, we know that a defendant may waive his right against self-incrimination, as long as the waiver is voluntary, knowing, and intelligent. Miranda v. Arizona, 86 S.Ct. 1602, 1612 (1966). We focus our voluntariness inquiry on whether the defendant was coerced by the government into making a statement under the totality of the circumstances. United States v. Thompson, 422 F.3d 1285, 1295 (11th Cir. 2004).

Evidence at the suppression hearing revealed that Federal Bureau of Investigation Special Agent Steven Burdelski interviewed Defendant after his arrest. Another agent read Defendant his Miranda rights, and Defendant indicated he understood each right by writing his initials next to each line on a Miranda rights form. Defendant signed the waiver on the bottom of the form and agreed to

---

[2]Officer Morris patrolled the area around Worldwide often, based on his knowledge that Worldwide was a "hot spot" and on direction from Drug Enforcement Administration Agent Josh Lewis. Other suppression hearing testimony indicated that Defendant may have been a target of an ongoing investigation or may have been mentioned specifically in a confidential informant's tip.

talk to the agents.  The interview lasted about one hour.  The first 20 minutes focused on the instant offense; the latter 40 minutes focused on Defendant's knowledge of drug trafficking in the area.  Agent Burdelski prefaced the second part of the interview by telling Defendant that, if he cooperated and provided information, Agent Burdelski would inform the prosecutor and the judge of Defendant's cooperation, but that the Agent could make no promise about receiving leniency.

Defendant contends next that his Miranda waiver--given during the initial phase of his post-arrest interview, where he was asked about the offense for which he was arrested--was vitiated during the second, cooperation phase when agents indicated that, if Defendant helped law enforcement, his statements would be used only for his benefit.  We disagree.

The agents conducted no "exhaustingly long" interview nor did they threaten Defendant during the interview.  See Thompson, 422 F.3d at 1296.  Agent Burdelski promised to tell the prosecutor if Defendant cooperated but did not promise leniency.  This comment does not render involuntary Defendant's later statement and does not require a second Miranda warning.  See Williams v. Johnson, 845 F.2d 906, 909  (11th Cir. 1988); cf. Hart v. Attorney Gen. of Fla., 323 F.3d 884, 894 (11th Cir. 2003) (writing that Miranda waiver was invalid when

6

agents told defendant that "honesty wouldn't hurt him," thereby misleading him about the consequences of relinquishing his right to remain silent). Based on the totality of the circumstances, Defendant's waiver of his Miranda rights was voluntary, knowing and intelligent, and was not vitiated by Agent Burdelski's statements about cooperation. The district court properly denied Defendant's motion to suppress his post-waiver statements.

Citing Fed.R.Evid. 404(b), Defendant next argues that the district court erred by admitting at trial extrinsic evidence: (1) his 1996 conviction for crack cocaine distribution at the Worldwide Grocery Store, (2) the discovery of alleged crack cocaine in the car, and (3) his post-Miranda statements about his knowledge of, and participation in, crack distribution acts in the area where he was arrested. Defendant asserts that this evidence inflamed the jury because few crimes are "more abhorrent to the ordinary person than dealing crack cocaine." He further challenges the district court's limiting instructions as insufficient.

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir.), cert. denied, 124 S.Ct. 2829 (2004). In determining whether evidence is admissible under Rule 404(b),(1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury

finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be outweighed substantially by its undue prejudice, and the evidence must meet the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

Defendant maintains that he stipulated that his intent to distribute marijuana was not an issue at trial. But Defendant's defense was that the gun and drugs did not belong to him. Introduction of Defendant's prior conviction for dealing drugs at the same location bore on his motive, his absence of mistake, and his knowledge that the marijuana and the gun were present in his car. See United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003); United States v. Taylor, 17 F.3d 333, 338-39 (11th Cir. 1994). We, further, doubt that the other challenged evidence is "extrinsic evidence" under Rule 404(b). Evidence about the discovery of the alleged crack cocaine was admitted to show the sequence of the events surrounding the arrest, especially to place into context Defendant's statement that only the bag was his. See United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998). Defendant's post-arrest statements about his knowledge of area drug activities were probative on whether he had drugs of a distribution quantity: this evidence also explained the context of--and it was linked in time and circumstances with--the charged crimes. See id.

And the evidence was not inadmissible under Fed.R.Evid. 403, which provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Evidence of extrinsic drug offenses "does not tend to incite a jury to an irrational decision." United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995). The risk of undue prejudice was reduced by the court's limiting instructions--to which Defendant did not object--when the evidence was admitted and at the end of trial. See United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

Defendant also argues that his Fifth and Sixth Amendment rights were violated when the district court enhanced his sentence (under the Armed Career Criminal Act, 18 U.S.C. § 924(e)) based on his three prior drug convictions, which were not alleged in the indictment nor proved to a jury beyond a reasonable doubt. He concedes that, if Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), remains good law, then his sentence is without reversible error.[3] Almendarez-Torres indeed remains binding precedent, even though the Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005), arguably may have

---

[3]In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), the Supreme Court stated that the government need not allege in the indictment and need not prove beyond a reasonable doubt that a defendant had a prior conviction for a district court to use that conviction to enhance a sentence. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005).

cast doubt on the vitality of Almendarez-Torres. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). The district court committed no error by considering Defendant's felony convictions in enhancing his sentence. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).[4]

AFFIRMED.

---

[4]Defendant contends that, as he was sentenced after Blakely v. Washington, 124 S.Ct. 2531 (2004), but before United States v. Booker, 125 S.Ct. 738 (2005), he relied on the mandatory application of the sentencing guidelines, and that the retroactive application of advisory guidelines violated his due process rights and the Ex Post Facto clause. We recently rejected a similar "fair warning" claim in United States v. Duncan, 400 F.3d 1297, 1307-08 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005). We are not persuaded by Defendant's attempt to distinguish his case from Duncan because of the differing procedural postures of these cases.