[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-15095

_____

D.C. Docket No. 01-00502-CR-1-1

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2004
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL A. BREITWEISER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(January 26, 2004)**

Before TJOFLAT, BIRCH and GOODWIN[*], Circuit Judges.

GOODWIN, Circuit Judge:

A jury convicted defendant Russell Breitweiser of abusive sexual contact

_____

[*]Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

with a minor as a repeat sex offender in violation of 18 U.S.C. §§ 2244(a)(3) and 2247, and simple assault of a minor in violation of 18 U.S.C. § 113(a)(5). Breitweiser contends on appeal that the district court abused its discretion in admitting some evidence and excluding other evidence, erred in finding that venue was proper in the Northern District of Georgia, and incorrectly enhanced his sentence. Because the district court did not err, we affirm both the conviction and sentence.

## BACKGROUND

On January 11, 2001, fourteen-year-old A.B. and J.B., her eighteen-year-old sister, were at the Houston International Airport, waiting to board their flight to Atlanta, Georgia. Breitweiser, who was waiting for the same flight, approached the girls and began speaking with them. When the girls' row was called to board, Breitweiser told them to wait for him. Breitweiser boarded directly after the girls, first going to his seat and then returning to the girls' row. He asked the girls if he could sit in the empty seat beside A.B. and they agreed.

At takeoff the lights dimmed and Breitweiser told the girls to hold hands with each other during this "romantic part" of the flight. During the plane ride, Breitweiser talked constantly to the girls, listened in on their conversations and asked personal questions. Although A.B. was uncomfortable, she said nothing but

2

attempted to move further away from Breitweiser in her seat. Breitweiser took a crayon that A.B. was using and put it in his mouth and nose before returning it. Breitweiser put his hand on A.B.'s leg with his fingers spread out and rubbed it up and down her inner thigh. At some point, A.B. looked over at Breitweiser and saw his hand moving in his lap underneath some pillows and a magazine. A.B. testified that she thought he was masturbating.

Breitweiser left his seat to visit the restroom and a passenger behind the girls asked them if they knew Breitweiser. They replied that Breitweiser was making them uncomfortable and the passenger offered to walk them to their connecting flight to Florida. The passenger then notified the flight attendants that Breitweiser was making the girls uncomfortable. Towards the end of the flight, the flight attendants asked the girls to wait in the first class cabin when the plane landed in Atlanta. After the other passengers had deplaned, one flight attendant walked the girls to their connecting flight.

Breitweiser was charged with two counts of inappropriate contact with A.B. The first count, abusive sexual contact with a minor, involved Breitweiser's rubbing of A.B.'s thigh. Count two, simple assault of a minor, involved Breitweiser's unwanted touching of A.B.'s legs, hands, face, and hair.

Prior to trial, the government filed a notice of its intention to introduce

3

evidence, pursuant to Federal Rule of Evidence 413, of Breitweiser's prior acts of sexual contact with minors. The evidence consisted of the accusation and judgment of conviction arising from incidents in which Breitweiser fondled two thirteen-year-old girls, and testimony from a store clerk who saw Breitweiser masturbating near a girl several months after the events at issue in this case. The district court admitted the evidence under Rule 404(b). The court refused to allow Breitweiser to introduce testimony of a doctor who examined Breitweiser during his hospitalization at the Carrier Clinic, a New Jersey psychiatric hospital, eleven days after his alleged assault of A.B. Breitweiser claimed that the doctor's testimony would show that he suffered from a bipolar disorder and made "bizarre movements" during his hospitalization, which would explain the touching and the alleged masturbation. The court ruled that this evidence was irrelevant and inadmissible under Rule 403.

After the jury convicted Breitweiser on both counts, the district court spent two days addressing his sentence. The conviction on the count one violation normally triggers a two-year maximum sentence, but 18 U.S.C. § 2247(a) allows for a doubling of the maximum for a defendant with a "prior sex offense conviction." The court held that Breitweiser's 1996 conviction under a New Jersey criminal statute triggered the sentence enhancement under § 2247(a) and

4

issued an order explaining its holding. *United States v. Breitweiser*, 220 F. Supp. 2d 1374 (N.D. Ga. 2002). The second sentencing issue involved the application of a Sentencing Guidelines provision increasing the base offense level if an offense was committed by the means set forth in 18 U.S.C. § 2242. A defendant violates § 2242 when he "causes another person to engage in a sexual act by placing that other person in fear." The court held that an offense level increase was warranted because Breitweiser committed the offense in question by placing A.B. in fear. Breitweiser was sentenced to forty-six months of imprisonment on count one and a concurrent twelve-month sentence on count two.

A.    Venue

The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed. *United States v. Cabrales*, 524 U.S. 1, 6 (1998); *United States v. Roberts*, 308 F.3d 1147, 1152 (11th Cir. 2002). The standard this court applies when venue is challenged is "whether, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the jury verdict . . . the Government proved by a preponderance of the evidence" that the crimes occurred in the district in which the defendant was prosecuted. *United States v. Males*, 715 F.2d 568, 569 (11th

Cir. 1983) (quoting *United States v. White*, 611 F.2d 531, 535 (5th Cir. 1980)). The "*locus delicti* [of a crime] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (quoting *Cabrales*, 524 U.S. at 6-7).

Congress has provided a means for finding venue for crimes that involve the use of transportation. The violations of the statutes here are "continuing offenses" under 18 U.S.C. § 3237. *United States v. McCulley*, 673 F.2d 346, 350 (11th Cir. 1982). The second paragraph of § 3237(a) reads:

> Any offense involving the use of . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves.

There are no venue provisions in either 18 U.S.C. §§ 2241 *et seq.* or 18 U.S.C. § 113 that preclude the application of § 3237. To establish venue, the government need only show that the crime took place on a form of transportation in interstate commerce. *See McCulley*, 673 F.2d at 350 (holding that to prosecute a crime that involved hiding in an airplane's luggage compartment and cutting open mail pouches, venue was proper in any state through which the plane passed).

The government met its burden by showing that Breitweiser committed the crimes on an airplane that ultimately landed in Georgia. Breitweiser's argument

6

that the government must show that the crime was committed in the Northern District of Georgia or its airspace fails; a showing that transportation in interstate commerce was involved is sufficient. It would be difficult if not impossible for the government to prove, even by a preponderance of the evidence, exactly which federal district was beneath the plane when Breitweiser committed the crimes. In *McCulley*, this court explained, "[§ 3237] is a catchall provision designed to prevent a crime which has been committed in transit from escaping punishment for lack of venue. Its enactment was designed to eliminate the need to insert venue provisions in every statute where venue might be difficult to prove." 673 F.2d at 350. Accordingly, we conclude that the district court properly found that there was venue under § 3237(a) to prosecute this case in the Northern District of Georgia.

B.    Evidentiary rulings

We review a district court's evidentiary rulings for abuse of discretion. *Schafer v. Time*, 142 F.3d 1361, 1370 (11th Cir. 1998). An evidentiary ruling will stand "unless the complaining party has shown a 'substantial prejudicial effect.'" *Id.* (quoting *Judd v. Rodman*, 105 F.3d 1339, 1341 (11th Cir. 1997)).

Federal Rule of Evidence 404(b) bars evidence of other crimes, wrongs, or acts to show a person's character. This kind of evidence may be presented,

7

however, to prove other relevant aspects of a crime or event, such as motive, intent, or lack of mistake. Fed. R. Evid. 404(b). This circuit has developed a three-part test to determine whether evidence is admissible under Rule 404(b). "'First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act.' Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

The district court did not err in admitting evidence that Breitweiser previously engaged in sexual conduct with children. The evidence was relevant to show Breitweiser's motive, intent, knowledge, plan and preparation, and lack of mistake when he touched A.B. The evidence was substantial, and it was not more prejudicial than it was probative. Because the evidence is admissible under Rule 404(b), we do not consider the admissibility of the evidence under Rule 413.

Breitweiser's argument that evidence of his hospitalization eleven days after the incident in question should have been admitted fails the relevance test. The district court did not abuse its discretion in barring the evidence.

A.     Sentencing

A court considering the application of a sentencing enhancement on the basis of a defendant's recidivism "is generally required to consider only the fact of conviction and the statutory definition of the prior offense." *United States v. Krawczak*, 331 F.3d 1302, 1306 (11th Cir. 2003); *see also United States v. Taylor*, 495 U.S. 575, 602 (1990).  The circumstances under which a court may depart from this "categorical approach" are very limited.  *United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995); *United States v. Fulford*, 267 F.3d 1241, 1249 (11th Cir. 2001).  The danger of having to conduct "mini-trials" on a defendant's prior conviction counsels against looking beyond the statute of conviction.  *Spell*, 44 F.3d at 939.

However, there are exceptions to the general rule.  Although the "categorical approach" must be used when a sentence enhancement statute requires proof of the *elements* of a prior offense, a court may look beyond the conviction when sentence enhancements are based on a defendant's prior *conduct* or *crime*.  *Fulford*, 267 F.3d at 1250-51 (distinguishing the statute at issue, which called for enhancement on the basis of "an offense that has *as its elements*," from those in *Spell* and *Taylor*, which referenced the defendant's prior *crime*) (quoting 18 U.S.C. § 3559(c)(2)) (emphasis added).  A court may look behind the judgment

of conviction when it is impossible to determine from the face of the judgment or statute whether the prior crime satisfies the enhancement statute. *Spell*, 44 F.3d at 939. As this court explained in *Krawczak*, "[T]he ability to look behind a state conviction . . . is limited to instances where the judgment of conviction and the statue are ambiguous." 331 F.3d at 1306. This kind of ambiguity may occur where the statutory language of the prior conviction "encompasse[s] some offenses that would satisfy the enhancement statute and others that would not." *Fulford*, 267 F.3d at 1249 (citing *Taylor*, 495 U.S. at 602); *Spell*, 44 F.3d at 939-40.

The sentence enhancement statute in this case, 18 U.S.C. § 2247, is triggered when a defendant has a "prior sex offense conviction." 18 U.S.C. § 2247(a). A "prior sex offense conviction" is defined as an "offense consisting of *conduct* that would have been an offense" under, among other provisions, § 2244. *Breitweiser*, 220 F. Supp. 2d at 1376 (quoting 18 U.S. C. § 2426(b)(1)(B)) (emphasis added). Section 2244 makes it a crime to cause sexual contact with a minor between the ages of twelve and sixteen and at least four years younger than the defendant. 18 U.S.C. §§ 2243(a), 2244(a)(3). The prior predicate offense in this case is Breitweiser's 1996 guilty plea to two counts of endangering the welfare of a child under a New Jersey criminal statute. The statute made it a crime

10

to "engage[] in sexual conduct which would impair or debauch the morals of [a] child." N.J. Stat. § 2C:24-4.

The district court properly looked past the conviction. First, the sentence enhancement statute focuses on the defendant's conduct, not on the elements of the previous offense. Second, the state criminal statute for the prior offense here is ambiguous and encompasses some conduct which would trigger the sentence enhancement and some which would not. It is not possible to determine from the face of the statute whether a person convicted of impairing or debauching the morals of a child has committed conduct sufficient to trigger the sentence enhancements of § 2247. A person convicted of violating the New Jersey statute may have had sexual contact with a minor, or he may have not. For these reasons, the district court did not err in looking beyond the elements of the prior crime.

Separate consideration must be given to whether the court appropriately looked at Breitweiser's plea colloquy in determining that the sentence enhancing statute applied. As this court stated in *Spell*, a sentencing court must avoid holding a "mini-trial" on the defendant's prior crimes in looking beyond a conviction. 44 F.3d at 939; *see also Krawczak*, 331 F.3d at 1306. Following the Tenth Circuit, this court has held that a sentencing court may only examine certain "easily produced and evaluated court documents, including the judgment of

11

conviction, charging papers, plea agreement, presentence report adopted by the court, and the findings of a sentencing judge." *Spell,* 44 F.3d at 939 (citing *United States v. Smith,* 10 F.3d 724, 734 (10th Cir. 1993). It is also appropriate to look at sworn statements by the defendant from the record to determine whether or not his prior conduct or crime triggers a sentence enhancement provision. *Cf. Smith,* 10 F.3d at 734 (looking at a police report that was a part of the charging papers).

We hold that the district court did not commit reversible error in looking at Breitweiser's plea colloquy. The plea colloquy was an uncontested statement on the record made by Breitweiser that was readily available to the court considering the sentence enhancement. The colloquy makes clear that Breitweiser's prior crime qualifies him for the sentence enhancement provided by § 2247. In his detailed description of the events that led to his arrest under the New Jersey statute, Breitweiser admitted to fondling two thirteen-year-old girls. This conduct is sexual contact with a minor and constitutes an offense under §§ 2243 and 2244, and triggers § 2247.

For the foregoing reasons, the district court did not err in applying the sentence maximum doubling provision of § 2247.

We find no clear error in the district court's separate finding that the defendant committed the acts in question by means of threat or fear, meeting the

requirements of § 2242 and warranting a base offense level increase under U.S.

Sentencing Guidelines Manual § 2A3.4.


AFFIRMED.