[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14245
Non-Argument Calendar

_____

D. C. Docket No. 07-00038-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY DEVON TUCKER,
a.k.a. Ron Rome,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 24, 2008)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Corey Devon Tucker appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Tucker argues on appeal that the district court abused its discretion at his trial when it permitted the government to introduce four photographs of Tucker, which depicted him holding different firearms.  For the reasons set forth more fully below, we affirm.

Before trial, Tucker filed a motion in limine in which he sought to exclude the introduction of the four photographs, pursuant to Federal Rules of Evidence 403 and 404(b).  Prior to jury selection, the district court admitted the photographs[1] over Tucker's objection.  The court stated that the basis for the admission of the evidence was that the photographs would help establish Tucker's "knowing possession of a firearm in this case and possession not by accident or mistake." Tucker objected to the court's ruling.

After the jury was selected, but outside of its presence, Tucker testified that the photographs were taken for a rap album cover he was making and that the guns in the photographs were not real.  The district court reaffirmed its earlier ruling and found the photographs admissible.

In the jury's presence, Pensacola Police Officer James Clarence Reese, Jr. testified that, while on uniform duty at the Platinum Club, he observed Tucker,

---

[1] The district court sustained Tucker's objection with respect to one of the photographs, which depicted Tucker, along with several other individuals, holding "wads" of cash.

2

who was seated on a barstool at a tall table towards the back of the club, drop a firearm on the floor. The firearm that was recovered was loaded and ready to be fired.

Later, the government introduced four photographs that were found by the police during an unrelated search: (1) Exhibit 3 depicted Tucker with a revolver in his right hand and, what looked like, two semiautomatic pistols stuffed in his waistband; (2) Exhibit 4 depicted Tucker, who was holding a revolver in his right hand and making an obscene gesture with his left hand, together with two other black males who were also holding firearms; (3) Exhibit 5 depicted Tucker, who was holding a small caliber, semiautomatic pistol in his right hand and making an obscene gesture with his left hand, with an unidentified black female, who was holding a large caliber, semiautomatic pistol in her left hand; and (4) Exhibit 6 appeared to be just a different view of what was depicted in Exhibit 5. After the photographs were admitted, the court gave the jury a limiting instruction with respect to the photographs.

In its closing argument, the government stated, "I think you can draw your own conclusions as to what kind of people would be in pictures taken like that posing with multiple firearms, especially after six or eight weeks after you were arrested and charged with that very offense." The district court again instructed the

3

jury that it could not consider the photographs in deciding whether Tucker had committed the specific offense charged in the indictment. The jury found Tucker guilty of knowing possession of a firearm by a convicted felon.

**I.**

Initially, Tucker's Fifth and Sixth Amendment challenges are abandoned because he makes only a passing reference to those claims in his initial brief. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding issue that appellant referenced only in passing in brief on appeal abandoned).

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004). "A district court's erroneous admission of evidence does not warrant reversal if the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992).

In order to convict a defendant of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). To establish

"knowing possession," the government must prove actual or constructive possession through direct or circumstantial evidence. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006).

Rule 404(b) provides in relevant part that:

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed.R.Evid. 404(b). Our test for admissibility under Rule 404(b) includes: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Tucker admits that he is portrayed in the photographs, and, therefore, there is no challenge with regard to the second prong of the 404(b) test.

Pursuant to Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence."

Fed.R.Evid. 403. This determination "calls for a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, overall similarity between extrinsic act and the charged offense, as well as temporal remoteness." Jernigan, 341 F.3d at 1282 (citation omitted). Although the district court has a great degree of discretion in weighing probative value and prejudice under Rule 403, we have "also recognized that Rule 403 is 'an extraordinary remedy which the district court should invoke sparingly and [t]he balance . . . should be struck in favor of admissibility.'" United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (internal citations omitted). The risk of undue prejudice can be reduced by a district court's limiting instruction, United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005), and the jury is presumed to have followed the limiting instructions, United States v. Wilson, 149 F.3d 1298, 1302 (11th Cir. 1998).

We have stated that "the caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." Jernigan, 341 F.3d at 1281. Specifically, we determined that

6

evidence of the defendant's possession of a firearm on a separate  occasion, which, in the <u>Jernigan</u> case consisted of a prior conviction, "makes it more likely that he <u>knowingly</u> did so this time as well, and not because of accident or mistake."  <u>Id.</u> at 1282 (emphasis in original).

In this case, with respect to the first prong of the 404(b) test, the photographs were  relevant to an issue other than Tucker's character.  <u>See</u> <u>Matthews</u>, 431 F.3d at 1310-11.  Although Tucker stipulated that he was a convicted felon, and he does not contest the finding that the firearm traveled in interstate commerce, he maintains on appeal, like he did in the court below, that he did not possess the firearm.  He contends on appeal, however, that he never placed at issue whether he "knowingly" or "constructively" possessed the firearm.  Nonetheless, the government had the burden of proving "knowing possession" of a firearm because Tucker never admitted to or stipulated to the fact that he knowingly possessed the firearm.  <u>See</u> <u>Deleveaux</u>, 205 F.3d at 1296-97; <u>United States v. Taylor</u>, 417 F.3d 1176, 1182 (11th Cir. 2005) (holding that the district court did not abuse its discretion by admitting evidence of Taylor's prior conviction for being a felon in possession to prove the "knowing possession" element of § 922(g) because Taylor never admitted that he knowingly or intentionally possessed the firearm, and, therefore, the prior conviction was relevant under Rule 404(b) to show that Taylor

7

had knowingly possessed a firearm at another time).  As stated above, the government could meet its burden by proving actual or constructive possession through direct or circumstantial evidence.  Greer, 440 F.3d at 1271.  As such, there was a logical connection between the photographs and Tucker's knowing possession of the firearm in the instant case.  See Jernigan, 341 F.3d at 1281.

Further, the photographs were not inadmissible under Rule 403.  Not only were the photographs relevant to a contested element of the charged offense, they depicted Tucker in possession of a firearm, and were taken just two months after he was charged with possession of a firearm in the instant offense.  See id. at 1282. The jury had the opportunity to examine the photographs, consider the testimony, and determine whether the guns in the photographs were real.  Additionally, the court instructed the jury on two separate occasions, one of which was immediately after the evidence was admitted, that it could not consider the photographs in deciding whether Tucker had committed the offense charged in the indictment, and it specifically pointed out that whether Tucker had a gun in the photographs did not mean that the government had met its burden of proof.  The court also instructed the jury that it could consider the photographs only for the limited purpose of determining whether or not Tucker had the knowledge necessary to commit the crime charged in the indictment or whether he committed the act for which he was

on trial by accident or mistake, and only after it had found that he possessed the firearm on the night in question.

Additionally, although the government stated in its closing argument that the jury could draw its own conclusions about the type of people who would be in such photographs, the statements were rectified by the district court's instructions. See United States v. Smith, 918 F.2d 1551, 1562 (11th Cir. 1990) (stating that "[b]ecause statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered"). Therefore, the risk of undue prejudice was reduced by the court's limiting instructions, and there is no evidence that the jury disregarded the court's instructions. See Ramirez, 426 F.3d at 1354; Wilson, 149 F.3d at 1302. Thus, with respect to the third prong of the 404(b) test, the photograph's probative value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Fed.R.Evid. 403; Matthews, 431 F.3d at 1310-11.

In light of the foregoing, Tucker's conviction is

**AFFIRMED.**