[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 15, 2009
THOMAS K. KAHN
CLERK

No. 09-10467
Non-Argument Calendar

_____

D. C. Docket No. 08-00032-CR-5-RS-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA CHUNTAY BOOKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 15, 2009)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Joshua Chuntay Booker appeals his conviction for conspiring to possess

with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. On appeal, Booker presents two arguments related to a September 12, 2008 search of his apartment. First, Booker argues that the district court erred in denying his motion to suppress because the September 12, 2008 search warrant was insufficient to support a finding of probable cause. Second, Booker contends the district court abused its discretion in admitting the evidence seized from the September 12 search, under Fed.R.Evid. 403 and 404(b). Because the search warrant affidavit provided sufficient probable cause for the search warrant and the September 12 evidence was not unfairly prejudicial, we affirm.

## I.

The search warrant affidavit contained information from various sources. First, Mori Lenehan, Booker's co-defendant, and a confidential informant both described how Booker rented cars, traveled to Tallahassee, picked up cocaine, and returned to a residence in Panama City, where he would store the cocaine. Second, based on Lenehan's and the CI's information, the investigating officers surveilled Booker's resident the day they applied for the search warrant. They observed a rental car parked in front of Booker's residence and when they attempted a traffic stop on the car, the car fled. Third, a narcotics K-9 gave a positive alert on

2

Booker's front door. Fourth, officers also independently verified through Booker's father and utility records that the residence belonged to Booker. Finally, officers verified that Booker had been arrested in 2006 for cocaine and crack cocaine possession. On the basis of this affidavit, the magistrate issued a search warrant for Booker's residence. At Booker's residence, the officers seized over a hundred grams of cocaine, plastic baggies, scales that are commonly used to weigh narcotics, and latex gloves.

We conclude that the district court did not err in holding that the search warrant affidavit provided sufficient probable cause for the search warrant. Booker argues that the affidavit was deficient because it did not establish that Lenehan or the CI was reliable. But, even if the affidavit failed to establish that Lenehan or the CI was reliable, there was "sufficient independent corroboration of [the] informant[s'] information," based on the facts delineated above and, thus, no need to prove their reliability. Martin, 297 F.3d at 1314.

All of this information was conveyed to the issuing judge. Thus, the affidavit established "a connection between the defendant and the residence to be searched and a link between the residence and [the] criminal activity.United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). Therefore, considering the totality of the information in the search warrant affidavit, probable cause existed

3

that the officers would find evidence or contraband at Booker's residence. United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). Accordingly, the district court did not err in denying Booker's motion to suppress.

## II.

Booker also argues that the September 12 evidence was inadmissable under Fed.R.Evid. 403 and 404(b) because it lacked probative value and only showed his propensity to deal drugs. We review the district court's evidentiary rulings for an abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004).

The district court did not abuse its discretion in admitting the September 12 evidence because it satisfied this Court's three-part test. First, the evidence is relevant to an issue other than Booker's character, namely, his intent to sell drugs. In addition, Booker's not guilty plea, absent affirmative steps to remove the issue, made his intent a material issue. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Second, there was sufficient proof to permit a jury finding that Booker conspired to sell crack cocaine because (1) officers received corroborating evidence from two sources, (2) officers independently verified the residence belonged to Booker, (3) officers surveilled the residence, and (4) a narcotics K-9 gave a positive alert on Booker's front door. Third, the probative

4

value and the government's need for this evidence substantially outweighed any unfair prejudice. The evidence had significant probative value because the cocaine and drug paraphernalia recovered in Booker's apartment showed he was involved with cocaine and selling drugs. The district court was well within its discretion in allowing the September 12 evidence to show Booker's intent.

Moreover, the district court read the jury a limiting instruction after admitting the evidence, and repeated the substance in its jury instructions. These limiting instructions further show that the district court did not abuse its discretion in allowing the evidence to be admitted. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

**AFFIRMED.**