[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16832
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20087-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC L. LEWIS,
a.k.a. Robert Ulmann,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2010)

Before EDMONDSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Eric L. Lewis appeals his convictions and sentences for drug offenses, 21 U.S.C. §§ 841(a)(1), 846. No reversible error has been shown; we affirm.

On appeal, Lewis challenges the district court's admission of evidence about his prior drug-related activities with codefendant and cooperating witness, Jeree Grey. Lewis contends that the evidence was extrinsic and, thus, inadmissible under Fed.R.Evid. 404(b). Lewis also argues that the evidence was subject to exclusion under Fed.R.Evid. 403 because of its prejudicial nature. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004).

Evidence of uncharged criminal activities and prior bad acts generally is considered inadmissible extrinsic evidence under Rule 404(b). But evidence of uncharged crimes is not extrinsic under Rule 404(b) if it is (1) an uncharged offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence about the charged offense. United States v. Ellisor, 522 F.3d 1255, 1269 (11th Cir. 2008). And an uncharged crime about the chain of events explaining the context, motive, and set-up of the crime

properly is admitted if linked in time and circumstances with the charged crime or forms an integral and natural part of an account of the crime. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998).

Here, Lewis and four others, including Grey, were indicted on charges of cocaine conspiracy and attempted possession. These charges stemmed from a 2007 undercover operation into cocaine sales in Miami. A confidential source had contacted two codefendants about a cocaine deal involving the sale of two high-end vehicles for cocaine. Codefendants Lewis, Grey, and Carlos Spratt arrived in Miami with the vehicles (which belonged to Grey) and discussed with the confidential source the exchange of the cars for the cocaine.

In addition to testifying about his involvement in the instant offenses, Grey testified about an ongoing cocaine distribution organization that he, Lewis, and Spratt began operating in 2006. In that organization, Lewis transported cocaine from Atlanta to Birmingham where the three would divide it up for sale. In December 2007, Grey received a call from Spratt about the transaction forming the basis of the instant charges; and later, Lewis convinced him to put up the vehicles for the transaction.

On this record, we see no abuse in the district court's admission of Grey's testimony about his prior cocaine dealings with Lewis. We have concluded that

3

prior uncharged narcotics dealings between a defendant and a cooperating witness are admissible as intrinsic evidence where the evidence about the prior crime inextricably is intertwined with the evidence of the charged drug offense.  See United States v. Richardson, 764 F.2d 1514, 1521-22 (11th Cir. 1985); United States v. Costa, 691 F.2d 1358, 1361 (11th Cir. 1982).  And here, Grey's testimony about prior drug dealings with Lewis established context and showed why Lewis and Spratt contacted him about participating in the current cocaine deal.  The prior dealings were linked closely in time as well as circumstance to the instant offenses as the three planned to split the cocaine for sale in Birmingham and Atlanta.  The prior drug deals inextricably were intertwined with the evidence of the cocaine transaction forming the basis of the instant charge, and thus, not extrinsic Rule 404(b) evidence.

And the evidence of Lewis's prior cocaine dealings with Grey was not unfairly prejudicial to him.  The similarity between the prior cocaine dealings and the charged offense enhanced the probative value of the evidence to show why Lewis turned to Grey for help.  Given these facts, coupled with the broad discretion granted to trial courts in weighing prejudice and probative value, we conclude that the evidence was not subject to exclusion under Rule 403.  United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992) (the district court's discretion to

4

exclude evidence under Rule 403 is narrowly circumscribed); <u>United States v. Fortenberry</u>, 971 F.2d 717, 721 (11th Cir. 1992) (the balance between probative value and unfair prejudice should "be struck in favor of admissibility").

Lewis also argues that the mandatory minimum sentence provision of section 841(b)(1) violates equal protection and the Eighth Amendment. But Lewis qualified for, and received, safety-valve relief; therefore, he was subjected to no mandatory minimum penalty. <u>See</u> U.S.S.G. § 5C1.2. And even still, Lewis's constitutional arguments are foreclosed by our prior precedent. <u>See</u> <u>United States v. Holmes</u>, 838 F.2d 1175, 1177-78 (11th Cir. 1998) (concluding that the mandatory minimum provisions in section 841(b)(1) were rationally related to the objectives of protecting public welfare and, thus, did not violate equal protection); <u>United States v. Willis</u>, 956 F.2d 248, 251 (11th Cir. 1992) (concluding that the mandatory life sentence provisions of section 841(b)(1) did not violate the Eighth Amendment).

AFFIRMED.