[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11844
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20773-JAG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSMAN J. PAYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Osman J. Payan appeals his convictions and sentences for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and health care fraud, in violation of 18 U.S.C. § 1347, for his involvement with defrauding Medicare through the fake company A-1 Medical.  On appeal, Payan argues that the district court committed several reversible evidentiary errors, including allowing the admission of hearsay, speculative testimony, and by allowing the government to lead witnesses.  He further argues that even if there was no reversible error, the district court committed enough harmless errors in the aggregate to deprive him of his constitutional right to a fair trial.  Additionally, Payan argues that the evidence admitted at trial was insufficient to support his convictions because there was no proof that he had knowledge of the conspiracy, there was no evidence that he received any money for his involvement, and the government's case was based on inadmissible and circumstantial evidence.

Payan also argues that the district court erred at sentencing by applying an aggravating role adjustment for being a leader or organizer to his Sentencing Guideline calculation rather than a mitigating role adjustment for a minor role. Additionally, he argues there was no evidence that he played a leading role, and he maintains that he was recruited into the scheme.  Finally, he argues that his sentence was unreasonable because the district court did not grant him a downward

variance, which was warranted because his codefendants received lesser sentences, he had little criminal history, and he played a minor role.

I.

We review preserved challenges to evidentiary rulings for clear abuse of discretion. *United States v. Gamory*, 635 F.3d 480, 492 (11th Cir. 2011). An abuse of discretion occurs if the district court's evidentiary decision was based on a "clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005). Even if we determine that an abuse occurred, we will only overturn an evidentiary ruling if it resulted in a substantial prejudicial effect. *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004).

The Federal Rules of Evidence provide that the district court exercises "reasonable control over the mode and order of examining witnesses and presenting evidence." Fed.R.Evid. 611(a). It further provides that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony." *Id.* 611(c); *see also United States v. Hewes*, 729 F.2d 1302, 1325 (11th Cir. 1984) (holding that the district court has the discretion to tolerate leading questions during direct examination).

Rule 701 limits opinion testimony by a lay witness to testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding

3

the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701.  However, "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed.R.Evid. 704(a).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005).  A statement that is not offered to prove the truth of the matter asserted is not hearsay.  *See* Fed.R.Evid. 801(c)(2).  Hearsay is inadmissible unless the statement is deemed not hearsay under Rule 801(d), or it falls within a hearsay exception.  *Baker*, 432 F.3d at 1203.  A statement offered against an opposing party is not considered hearsay if it was made by that party in an individual or representative capacity.  Fed.R.Evid. 801(d)(2)(A).  Further, statements made by a "coconspirator during and in furtherance of the conspiracy" are not hearsay.  *Id.* 801(d)(2)(E).

The Federal Rules of Evidence permit a witness that is having difficulty recalling information to refresh her recollection through any writing.  Fed.R.Evid. 612; *United States v. Scott*, 701 F.2d 1340, 1346 (11th Cir. 1983).  This rule may not be used to circumvent the Federal Rules of Evidence to introduce inadmissible evidence.  *Scott*, 701 F.2d at 1346.  If the prosecution uses this evidentiary tool, the defendant has the right to have the writing produced at the trial, inspect it, cross-

4

examine the witness about it, and to introduce into evidence portions of the writing relevant to the witness's testimony. Fed.R.Evid. 612(b). If the prosecution does not comply with such a request, the district court must strike the witness's testimony or declare a mistrial. *Id.* 612(c).

The district court did not commit a clear abuse of discretion at trial. The district court permitted the government to lead witnesses when appropriate to develop the witness's testimony, which is permissible under the Federal Rules of Evidence. Fed.R.Evid. 611(c); *Hewes*, 729 F.2d at 1325. Allowing the investigating agent to provide an opinion about a material fact at trial was not error because the opinion was rationally based on his perception, helpful to determine a fact at issue, and not based on specialized knowledge. Fed.R.Evid. 701; *see also id.* 704(a). Further, allowing the agent to refresh his recollection using another agent's report was not hearsay and was not erroneous because any writing may be used for that purpose. *Id.* 612; *Scott*, 701 F.2d at 1346.

The district court did not allow impermissible hearsay at trial. Any out-of-court statements made by Payan were not hearsay because they were admissions by a party opponent. 801(d)(1)(A). Further, statements by others involved in the conspiracy were not hearsay because they were statements made by co-conspirators in furtherance of the conspiracy. *Id.* at 801(d)(2).

II.

Under the cumulative error doctrine, we review the record as a whole to determine whether the defendant was afforded a fundamentally fair trial. *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009). Both preserved and plain errors are considered in the aggregate. *Baker*, 432 F.3d at 1203. The cumulative effect of several harmless errors can result in the denial of the constitutional right to a fair trial. *Id.* at 1223. The cumulative prejudicial impact of the several errors depends upon: (1) the nature and number of the errors committed, (2) the interrelatedness of the errors and their combined effect, (3) the district court's handling of the errors as they arose, and (4) the strength of the government's case. *Id.* However, if there are no errors, or only a single error, then there can be no cumulative error. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004). Further, we generally presume "that jurors follow their instructions." *United States v. Hill*, 643 F.3d 807, 829 (11th Cir. 2011).

Upon review of the record and the specific alleged errors that Payan enumerates in his brief, there was no individual evidentiary error at trial. The district court sustained many of Payan's objections, struck evidence from the record that was improperly received, and ensured that evidence would be admitted properly. Because there was no error or even a single error, there was no cumulative error. *Waldon*, 363 F.3d at 1110.

### III.

We review *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds, construing the evidence in the light most favorable to the government. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013), *cert. denied*, 134 S.Ct. 108 (2013). In making this determination, all reasonable inferences and credibility choices are viewed in favor to the verdict. *Id.* A verdict cannot be overturned if there is a reasonable construction of the evidence that would allow the jury to find the defendant guilty beyond a reasonable doubt. *Id.* at 1297. The evidence need not be inconsistent with every reasonable hypothesis except that of a defendant's guilt, and the jury is free to choose among the reasonable conclusions drawn from the evidence. *Id.* Further, "[w]here corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in [his] own defense, the defendant's testimony, denying guilt, may establish, by itself, elements of the offense." *United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004).

To support a conviction for health care fraud under 18 U.S.C. § 1347, the government must prove that the defendant: (1) knowingly and willfully executed, or attempted to execute, a scheme to (2) defraud a health care program or to obtain by false or fraudulent pretenses money or property under the custody or control of a health care program, (3) "in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347. We have held that "the

7

defendant must be shown to have known that the claims submitted were, in fact, false." *United States v. Medina*, 485 F.3d 1291, 1297 (11th Cir. 2007).

To establish conspiracy for a related conviction, the government must prove that the defendant "knew of and willfully joined in the unlawful scheme to defraud; circumstantial evidence can supply proof of knowledge of the scheme." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).

The evidence admitted at trial supported Payan's convictions. The government introduced a large amount of evidence demonstrating that Payan had previously engaged in Medicare fraud before his involvement with A-1 Medical by engaging in another related fraudulent scheme. The government introduced evidence that Payan purchased L. Creagh Corporation, became the owner of that company and the sole name on its bank account, and fraudulently billed over $2,000,000 to Medicare. It provided fingerprint evidence on the sale documents that tied Payan to the purchase of that company.

The evidence adduced at trial supported Payan's convictions regarding his involvement with the A-1 Medical scam to defraud Medicare. Co-conspirators testified at trial that Payan agreed to join in the scheme, and each of them pooled the money to purchase the company. Given his experience and knowledge with L. Creagh and his co-conspirators' testimonies about his involvement, there was evidence to support that Payan conspired to defraud Medicare because he "knew of

8

and willfully joined in the unlawful scheme to defraud." *Maxwell*, 579 F.3d at 1299.

After fronting the money, evidence at trial supported the element that Payan and his partners executed the scheme when they directed a nominee owner to acquire A-1 Medical on their behalf, money was paid into A-1 Medical's bank account from Medicare, and the nominee owner withdrew the money to pay the partners. Evidence showed that A-1 Medical fraudulently billed almost $2,500,000, and Medicare reimbursed $614,599. Payan made an agreement with another co-conspirator to open Med-X, a shell company, so he could receive his reimbursements.

Further, Payan testified on his own behalf, denying he was guilty of his offense. Along with the corroborating evidence above, this testimony, by itself, was sufficient to establish the elements of the charged offenses. *Williams*, 390 F.3d at 1326. Thus, there was sufficient evidence for the jury to reasonably conclude that Payan committed the crimes of conspiracy to commit health care fraud and committing heath care fraud. *Capers*, 708 F.3d at 1296.

## IV.

We review *de novo* questions of law implicating the Sentencing Guidelines. *United States v. Kapordelis*, 569 F.3d 1291, 1314 (11th Cir. 2009). Elements of a crime must be proved to the jury beyond a reasonable doubt, but "[s]entencing

factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 560 U.S. 218, 224, 130 S.Ct. 2169, 2174, 176 L.Ed.2d 979 (2010). "[T]he essential Sixth Amendment inquiry is whether a fact is an element of the crime," which constitutes a fact that alters the statutory range of legally prescribed sentences, and such a fact must be submitted to the jury. *Alleyne v. United States*, 133 S.Ct. 2151, 2153, 186 L.Ed.2d 314 (2013). However, sentencing factors may guide or confine a judge's discretion when sentencing an offender within the statutory range. *O'Brien*, 560 U.S. at 224, 130 S.Ct. at 2174-75. Neither the Fifth nor Sixth Amendments prevent the district court from finding facts that enhance a sentence under the Sentencing Guidelines. *United States v. Gibson*, 434 F.3d 1234, 1246 (11th Cir. 2006).

The Sentencing Guidelines provide that, "[i]f a defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." U.S.S.G. § 3B1.1(a). In determining the role of a defendant in a criminal act, the district court should consider the following:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

10

*United States v. Gupta*, 463 F.3d 1182, 1198 (11th Cir. 2006) (quoting U.S.S.G. § 3B1.1 cmt. n.4.)   The Sentencing Guidelines also provide a mitigating role adjustment, stating "[i]f the defendant was a minor participant in criminal activity, decrease by two levels."  U.S.S.G. § 3B1.2(b).  This section applies "to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal."  *Id.* § 3B1.2 cmt. n.5.

The district court did not err by applying the four-level aggravating role adjustment for Payan, because he was a leader and organizer in the scheme to defraud Medicare.  He was one of the three true owners of A-1 Medical, he contributed to the money to purchase the company, and he recruited assistance to receive his share of the profits.  Thus, he met the criteria to be considered a leader or organizer.  *See Gupta*, 463 F.3d at 1198.  The record does not support the notion that Payan played a minor role.  Furthermore, the district court's findings that enhanced Payan's sentences did not violate his rights under the Fifth or Sixth Amendment because they were sentencing factors, and the findings did not alter the statutory range.  *See O'Brien*, 560 U.S. at 224, 130 S.Ct. at 2174;  *Gibson*, 434 F.3d at 1246.

## V.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597,

11

169 L.Ed.2d 445 (2007).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution for victims. *Id.* § 3553(a)(1), (3)-(7).  However, the district court need not discuss or explicitly state on the record each § 3553(a) factor.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice."  *Id.*

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Sentencing Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Once we determine that a sentence is procedurally sound, we

examine whether the sentence was substantively unreasonable in light of the totality of the circumstances. *Id.*

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). There is no unwarranted sentencing disparity for substantially differing sentence between a defendant who provided substantial assistance and one that did not. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). However, we will reverse if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Payan's sentences are not unreasonable. The district court was not required to make individualized findings for each § 3553(a) factor. The evidence showed

13

that Payan played a leading role in two schemes that defrauded Medicare of millions of dollars. Although Payan's codefendants' sentences are substantially lower than his, the difference is not unwarranted because they provided the government with substantial assistance. *Williams*, 526 F.3d at 1324. Further, his sentences are within the guideline range, which we ordinarily expect to be reasonable. *Hunt*, 526 F.3d at 746. Payan does not leave us with a "firm conviction that the district court committed a clear error in judgment," and he fails to carry his burden that the sentence was unreasonable.

Upon review of the record and in consideration of the parties' briefs, we affirm.

**AFFIRMED.**