[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11193
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00042-JES-DNF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN PEREZ,
FRANCISCO HUICI FERNANDEZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 28, 2015)

Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this two-defendant appeal, Adrian Perez appeals his convictions for conspiracy to commit mail fraud and health care fraud, in violation of 18 U.S.C. § 1349, 1341, and 1347; aiding and abetting health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; and aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  Francisco Huici Fernandez appeals his eight-month sentence, imposed after he was convicted of one count of conspiring to commit mail fraud and health care fraud, in violation of §§ 1349 and 1341.

First, Perez argues that he was entitled to a judgment of acquittal because the government did not present sufficient evidence to establish his guilt for his convictions.  Next, Perez contends that the district court erred in admitting evidence, which was inadmissible and prejudicially impacted on the jury's verdict.  Fernandez argues that the district court abused its discretion in imposing a substantively unreasonable sentence.

I.

We review *de novo* a challenge to the denial of a Federal Rule of Criminal

2

Procedure 29 motion for a judgment of acquittal based on sufficiency of the evidence grounds. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir.), *cert. denied*, 134 S.Ct. 145 (2013). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government and draw all inferences and credibility determinations in the government's favor. *Id.* Thus, we must affirm the conviction "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* at 1297. Whether the evidence is direct or circumstantial, we will accept all reasonable inferences that tend to support the government's case. *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004). "The evidence need not be inconsistent with every reasonable hypothesis other than guilt, and we allow the jury to choose among several reasonable conclusions to be drawn from the evidence." *United States v. Hunt*, 526 F.3d 739, 745 (11th Cir. 2008). Furthermore, we are bound by the jury's credibility choices, so long as the testimony that the jury relied on was not incredible as a matter of law or unbelievable on its face. *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985).

The health care fraud statute provides that:

(a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice --

(1) to defraud any health care benefit program; or

3

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1347.  A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."  18 U.S.C. § 24(b).  In addition, to establish mail fraud under 18 U.S.C. § 1341, the government must prove that the defendant "(1) intentionally participated in a scheme or artifice to defraud and (2) used the United States mails to carry out that scheme or artifice."  *United States v. Ellington*, 348 F.3d 984, 990 (11th Cir. 2003).  "[O]ne need not personally mail or receive mail in order to be liable under mail fraud so long as co-schemers do so."  *United States v. Funt*, 896 F.2d 1288, 1294 (11th Cir. 1990).

To establish a conspiracy to violate 18 U.S.C. § 1347, the government must prove (1) that a conspiracy existed; (2) that the defendant knew of the conspiracy; and (3) that the defendant knowingly and voluntarily joined the conspiracy.  *United States v. Vernon*, 723 F.3d 1234, 1273 (11th Cir. 2013).  Circumstantial evidence

4

can be used to establish the elements of a conspiracy.  *Id.*  A defendant's knowing participation in a conspiracy may "be inferred from evidence that the defendant took action that furthered the conspiracy."  *United States v. Cooper*, 873 F.2d 269, 272 (11th Cir. 1989).  We will affirm a conspiracy conviction if "the circumstances surrounding a person's presence at the scene of conspiratorial activity are so obvious that knowledge of its character can fairly be attributed to him."  *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006).  Moreover, a defendant can be convicted of conspiracy if the evidence demonstrates that he was aware of the conspiracy's essential nature, even if he did not know all of its details, played only a minor role in the overall scheme, did not have direct contact with other alleged co-conspirators, or did not participate in every stage of the conspiracy.  *United States v. Reeves*, 742 F.3d 487, 497-98 (11th Cir. 2014).

Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, "but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense."  *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).  Thus, to convict under a theory of aiding and abetting, the government must prove that (1) someone committed the substantive offense; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission.  *United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009).  A defendant can be properly convicted of aiding

5

and abetting "even when he has not personally committed all the acts constituting the elements of the substantive crime aided." *Hornaday*, 392 F.3d at 1311 (quotation omitted).

Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict, the evidence established that Perez knew of and voluntarily joined the pertinent conspiracy and that Perez actively contributed to the mail and health care fraud at C & A. Thus, based upon the totality of the evidence presented, we conclude that the district court did not err in denying Perez's motion for a judgment of acquittal: sufficient evidence allowed a reasonable jury to conclude that Perez was guilty of the charged conspiracy and aiding-and-abetting offenses, beyond a reasonable doubt.

II.

We review for abuse of discretion a district court's evidentiary rulings and review the factual findings underlying those rulings for clear error. *United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012). A district court abuses its discretion if the ruling is "manifestly erroneous." *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004). Preserved evidentiary objections are subject to the harmless-error standard. *United States v. Baker*, 432 F.3d 1189, 1202 (11th

Cir. 2005).  We will only overturn an evidentiary ruling if it resulted in a "substantial prejudicial effect."  *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004).

The Federal Rules of Evidence provide that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony."  Fed.R.Evid. 611(c); *see also United States v. Hewes*, 729 F.2d 1302, 1325 (11th Cir. 1984) (holding that the district court has the discretion to tolerate leading questions during direct examination).  Federal Rule of Evidence 701 limits opinion testimony by a lay witness to testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed.R.Evid. 701.  "[T]he opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation."  *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999).

A witness is not permitted to testify about the legal implications of conduct.  *United States v. Grzybowicz*, 747 F.3d 1296, 1310 (11th Cir. 2014).  Nonetheless, "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed.R.Evid. 704(a).  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed.R.Evid. 401(a).

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Gaps in the chain of custody of evidence only affect the weight to be attributed to the evidence and not its admissibility. *United States v. Roberson*, 897 F.2d 1092, 1096 (11th Cir. 1990). "[P]roof of the connection of physical evidence with a defendant goes to the weight of the evidence rather than its admissibility," and the connection can be shown by circumstantial evidence. *United States v. Sarmiento-Perez*, 724 F.2d 898, 900 (11th Cir. 1984). The identification and authentication of tangible objects for admission into evidence requires proof of their original acquisition and subsequent custody, plus a connection to the accused and the charged criminal offense. *United States v. Garcia*, 718 F.2d 1528, 1533-34 (11th Cir. 1983).

Hearsay is a statement, other than one made by the declarant, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c). Hearsay is inadmissible unless the statement is deemed not hearsay under Rule 801(d), or it falls within a hearsay exception. *Baker*, 432 F.3d at 1203. Statements made by a "coconspirator during and in furtherance of the conspiracy" are not hearsay.

8

Fed.R.Evid. 801(d)(2)(E).  The government has the burden of establishing that a conspiracy existed between the declarant and the defendant and that the statement was made during and in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175-76, 107 S.Ct. 2775, 2778-79, 97 L.Ed.2d 144 (1987).

The Confrontation Clause of the Sixth Amendment prohibits the admission of testimonial hearsay, unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant.  *United States v. Jiminez,* 564 F.3d 1280, 1286 (11th Cir. 2009) (citing *Crawford v. Washington*, 541 U.S. 36, 51-52, 124 S.Ct. 1354, 1364, 158 L.Ed.2d 177 (2004)).  Testimonial statements include out-of-court statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."  *Baker*, 432 F.3d at 1203-04.  We have said that private conversations concerning the criminal activities of the speakers are not testimonial. *See United States v. Underwood*, 446 F.3d 1340, 1347-48 (11th Cir. 2006) (holding that statements made to an undercover informant during the course of an investigation but "in furtherance of the criminal conspiracy" are non-testimonial).

In addition, "a defendant does not suffer compelling prejudice . . . simply because much of the evidence at trial is applicable only to co-defendants," particularly when the district court instructs the jury to consider the evidence separately for each defendant.  *United States v. Hill*, 643 F.3d 807, 829 (11th Cir.

9

2011) (alterations omitted).  We presume that juries follow instructions.  *Id.*  We apply a "strong presumption that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered."  *Id.* (alterations omitted).

Under the cumulative-error doctrine, we review the record as a whole to determine whether the defendant was provided "a fundamentally fair trial."  *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009).  The cumulative effect of several non-reversible errors might result in the denial of the constitutional right to a fair trial.  *Baker*, 432 F.3d at 1223.  The cumulative prejudicial impact of the several errors depends upon (1) the nature and number of the errors committed; (2) the interrelatedness of the errors and their combined effect; (3) the district court's handling of the errors as they arose; and (4) the strength of the government's case.  *Id.*  When there are no errors, or only a single error, then there can be no cumulative error.  *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

The district court did not abuse its discretion in overruling Perez's many evidentiary objections related to hearsay, chain of custody, relevance, speculation, lay witness testimony, and the prejudicial impact of the evidence.  Perez contends that, even if standing alone none of his individual claims warrants reversal, the cumulative effect of the alleged errors requires reversal.  Because no individual

error occurred here, no cumulative errors exist that warrant reversal of Perez's convictions.

## III.

About Fernandez's eight-month sentence, we see no reversible error.[*]

The sentence is at the lower end of the guideline and, thus, was not at odds really with what defense counsel had requested.  The experienced sentencing judge expressly noted his consideration of the section 3553(a) factors.  The sentence -- one well below the statutory maximum -- was completely reasonable, given the circumstances.

**AFFIRMED.**

---

[*] Fernandez's eight-month sentence in this case runs concurrently with a longer sentence imposed in a different case.  The government's motion to dismiss Fernandez's sentencing appeal is **denied**.