[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13624
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00113-MEF-SRW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE DEMARCO JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 4, 2013)

Before MARCUS, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Jamie Demarco Jones appeals his convictions and sentences for use of a communication facility, a telephone, in attempting to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 843(b); attempt to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  On appeal, Jones argues that: (1) the district court abused its discretion by admitting into evidence audio and video tapes that were recorded prior to the dates of the alleged conduct in the indictment; and (2) his sentences were greater than necessary to serve the goals of sentencing, which violated of 18 U.S.C. § 3553(a).  After thorough review, we affirm.

We review all evidentiary decisions in the district court for abuse of discretion, which occurs if the district court's evidentiary decision was based on a "clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005).  Even if we determine that an abuse occurred, we will only overturn an evidentiary ruling if it resulted in a substantial prejudicial effect.  United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Jones's claim that the district court erred by admitting the audio and video tapes of pre-indictment conduct. The Federal Rules of Evidence state as a threshold matter that all evidence that is relevant to the case is admissible, unless otherwise provided by law. Fed.R.Evid. 402. We have held that "[e]vidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence, and relevant evidence is generally admissible." United States v. Capers, 708 F.3d 1286, 1308 (11th Cir. 2013) (citing Fed.R.Evid. 401, 402).

Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). But this evidence may be introduced for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). However, we have held that evidence of criminal activity prior to the charged offense is not extrinsic -- thus, falling outside the scope of Rule 404(b) -- when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citation omitted).

3

Evidence is inextricably intertwined to the charged offense if it is an integral and natural part of a witness's testimony regarding the charged offense. Id. Evidence that is not part of the charged crime that also explains "the context, motive[,] and set-up" is intrinsic if it can be linked to the charged crime in time and circumstance or if it is necessary to complete the narrative for the jury. Id. (alteration in original; citing United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998)). Regardless of whether the evidence is intrinsic or extrinsic to the charged crime, it must still pass the Rule 403 test to ensure that its probative value is not substantially outweighed by the danger of unfair prejudice. Id.

Here, the district court did not abuse its discretion by admitting the evidence of prior uncharged offenses that Jones transacted with his codefendants because the evidence was intrinsic to the charged offenses. For starters, the question of whether Jones engaged in a drug transaction was the central issue of this case. Thus, the evidence was relevant because it made it more or less probable that Jones committed the crimes by showing that he had a relationship with his suppliers and that there was a specific scheme set up for him to receive the marijuana. Further, the evidence arose out of the same series of criminal transactions as the charged offenses, and it was necessary to complete the narrative of the crimes. In particular, the evidence explained the "context, motive, and set-up" of the charged offense, and it completed the narrative of the charged offense for the jury by

4

providing a complete picture of what led to that ultimate offense.  See Edouard, 485 F.3d at 1344.

In addition, the probative value of the evidence was not substantially outweighed by the danger of any unfair prejudice.  Jones pleaded not guilty to the charges, making intent a factual issue and rendering this evidence especially probative.  The charged and uncharged offenses were similar in that they both concerned trafficking marijuana among the same three individuals, using the same methods, and occurring within weeks of each other.  See id. at 1345.  The jury already had heard testimony that Jones engaged in prior transactions, to which Jones did not object.  The videos did not show any drugs actually changing hands, so any purported danger of unfair prejudice was reduced in any event.  See id. at 1345-46.

We also find unavailing Jones's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we typically perform two steps.  Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S.

38, 51 (2007)).[1]  If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Id. (quoting Gall, 552 U.S. at 51).  Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011).  We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.   United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

---

[1]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. Talley, 431 F.3d at 788. The district court need not discuss or explicitly state on the record each § 3553(a) factor. United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." Id.

In this case, Jones's sentences were both procedurally and substantively reasonable. The sentences are procedurally reasonable because the district court expressly said that it considered the § 3553(a) factors. The district court also went through specific factors to explain its reasoning. And even though it did not state each factor on the record, it stated that it considered them, which was sufficient. It also properly calculated the sentencing guideline range and did not base its sentences on clearly erroneous facts. Further, the district court consulted with the attorneys to ensure that Jones's sentences would be fair in light of the sentence he is likely to receive for related crimes committed in Florida.

Nor did Jones carry his burden to establish that his sentences were substantively unreasonable. To begin with, his sentences were at the low end of the guideline range, which we ordinarily expect to be reasonable. Further, the

7

record shows that Jones provided false testimony at trial about his involvement in the offense, he attempted to blame his cousin for the drugs found in his apartment, and the offenses involved a very large quantity of marijuana -- 27 kilograms.  On this record, Jones has not established that the district court committed a clear error in judgment when it announced the sentences.

**AFFIRMED.**